UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22477-Civ-WILLIAMS/TORRES

GARLAND CREEDLE,

    Plaintiff,

v.

CARLOS A. GIMENEZ, in his official
capacity as Mayor of Miami-Dade County,
Florida, and MIAMI-DADE COUNTY, Florida,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on Garland Creedle's ("Plaintiff") motion to strike the U.S. Government's (the "Government") statement of interest as untimely. [D.E. 27]. The Government responded on October 30, 2017 [D.E. 28] to which Plaintiff replied on November 6, 2017. [D.E. 29]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **DENIED**.

### *I.    BACKGROUND*

Plaintiffs filed this action on July 5, 2017 on the basis that Carlos A. Gimenez and Miami-Dade County (collectively, "Defendants") unlawfully arrested and detained Plaintiff for civil immigration purposes even though Plaintiff claims that he is a U.S. citizen who cannot be deported. [D.E. 1]. Plaintiff served Defendants

1

with his complaint on July 7, 2017 and Defendants filed their motion to dismiss – after a three week extension was granted – on August 18, 2017. [D.E. 11]. The Government, a non-party, filed a motion for a fourteen day extension on August 18, 2017 [D.E. 9] to allow it time to consider its statutory rights to participate in this case. To the extent that the notice sought a stay of Defendants' answer deadlines or any other deadlines, the Court denied the Government's motion. [D.E. 10]. Nine weeks after Defendants filed their motion to dismiss, the Government filed its statement of interest on October 23, 2017. [D.E. 26]. Plaintiff concludes that the Government's submission is untimely and must therefore be struck from the record.

## II.   APPLICABLE LEGAL PRINCIPLES AND LAW

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). While many "courts consider striking a pleading to be a 'drastic remedy to be resorted to only when required for the purposes of justice,'" *Exhibit Icons, LLC v. XP Cos.,* 609 F.Supp.2d 1282, 1300 (S.D. Fla. 2009), striking is appropriate in some cases to remove "unnecessary clutter" from the docket. *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). "Striking is appropriate where, for example, a party fails to seek leave of court before filing an unauthorized pleading." *Regions Bank v. Commonwealth Land Title Ins. Co.,* 2012 WL 5410948, at *2 (S.D. Fla. Nov. 6, 2012) (citing *Rogers v. Hartford Life & Accident Ins. Co.,* 2012 WL 2395194, at *1 n.1 (S.D. Ala. June 22, 2012) ("There is no doubt that striking an improper amended pleading filed without

leave of court is appropriate and necessary to enforce Rule 15(a)(2)."). Ultimately, the decision of whether to strike a pleading rests in the court's discretion. *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D.Fla.2002) ("District courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f).") (citation omitted).

### III. ANALYSIS

The thrust of Plaintiff's motion is that the Government's statement of interest is untimely because (1) Defendants' responsive pleadings were due on August 18, 2017, and (2) the Court previously denied the Government's motion to extend any deadlines in this case.[1] [D.E. 10].

Under 28 U.S.C. § 517, an officer of the Department of Justice is authorized to file a statement of interest and to "dispatch government lawyers to attend to any . . . interest of the United States." *Hall v. Clinton,* 285 F.3d 74, 80 (D.C. Cir. 2002) (citing 28 U.S.C. § 517) (internal citations omitted). Generally speaking, the statement is a "means of communication from the executive branch to the judicial branch giving notice that the litigation adversely impacts upon the foreign policy interests of the United States so that the Court may take that circumstance into account if it becomes relevant to any legal arguments advanced by the Defendants in seeking a dismissal." *Ungaro-Benages v. Dresdner Bank AG,* 2003 WL 25729923, at *2 (S.D. Fla. Feb. 20, 2003), *aff'd,* 379 F.3d 1227 (11th Cir. 2004) (citing *Jackson v. People's Republic of China,* 794 F.2d 1490 (11th Cir. 1986)). The Government

---

[1] In the event that the Court permits the Government's statement of interest, Plaintiff requests an opportunity to respond.

need not be a party in case to assert its interests. *See, e.g.*, *Hunton & Williams v. United States DOJ,* 590 F.3d 272, 291 (4th Cir. 2010) ("A statement of interest, which is authorized by 28 U.S.C. § 517, is designed to explain to a court the interests of the United States in litigation between private parties.").

Courts have found that 28 U.S.C. § 517 "contains no time limitation and does not require the Court's leave." *Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (S.D. Fla. 2017). Courts have also "interpreted 28 U.S.C. § 517 broadly and have generally denied motions to strike statements of interest." *Id.* (citing *Alvey v. Gualtieri*, 2016 WL 6071746, at *2 (M.D. Fla. Oct. 17, 2016) (denying motion to strike United States' statement of interest because it was timely, not redundant, and provided the "valuable perspective" of the DOJ); *Ferrand v. Schedler*, 2012 WL 1247215, at *1–2 (E.D. La. April 13, 2012) (denying motion to strike United States' statement of interest and noting that "the United States has broad discretion to attend to any interests of the United States")).[2]

The only issue presented is whether the Government's statement of interest – that was filed on October 23, 2017 – should be struck as untimely. [D.E. 23]. The alleged reason as to why the Government waited until October to file its statement of interest is because the Government was exploring settlement offers with Plaintiff's counsel. The Government claims that on August 24, 2017, it began settlement discussions with Plaintiff. The negotiations supposedly continued until

---

[2] There is no dispute between the parties that the Government is statutorily entitled to file a statement of interest. There is also no dispute that the statement of interest is relevant to the issues presented because the resolution of Defendants' motion to dismiss implicates the enforcement and removal of illegal immigrants.

4

Plaintiff declined the Government's offer without any counteroffer. Two business days later, the Government contends that it promptly filed its statement of interest and that any argument with respect to timeliness lacks merit.

We agree with the Government that there is no express time limitation provided under 28 U.S.C. § 517 to file a statement of interest. However, to the extent the Government contends that it can file a statement of interest at any time in a case and have it considered, that position is unavailing. "No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief," meaning the decision on whether a court permits or denies a statement of interest "lies solely within the court's discretion." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. U.S. ex rel. Gudur v. Deloitte & Touche*, 2008 WL 3244000 (5th Cir. Aug. 7, 2008) (citing *Waste Management of Pa. v. City of York,* 162 F.R.D. 34, 36–37 (M.D. Pa. 1995)). The relevant factors that courts consider "include whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice." *U.S. ex rel. Gudur*, 512 F. Supp. 2d at 927 (citing *Waste Management of Pa.*, 162 F.R.D. at 36).

There is no dispute that the Government's statement of interest was filed after Defendants filed their motion to dismiss on August 18, 2017. [D.E. 11]. After two motions for extension of time, Plaintiff responded to Defendants' motion on October 2, 2017 [D.E. 19] and Defendants replied on October 17, 2017. [D.E. 25]. Six days later, the Government filed its statement of interest on October 23, 2017.

5

[DE. 26]. While the Government's statement of interest was filed well after Defendants' motion to dismiss, it was only filed a mere six days after it became ripe for the Court's review.

After full consideration of the arguments presented, we find that the interests of justice weigh in favor of considering the Government's statement of interest. First, the Government's brief was filed only six days after Defendants' motion became ripe, meaning there is no persuasive argument that Plaintiff has been materially prejudiced. Second, and more importantly, courts have only struck statements of interest when they were filed egregiously late. For example, in *Gudur*, the government sought to file a statement of interest more than five months after a party filed its motion for summary judgment. The government's submission was untimely in several respects and the government failed to show good cause for the untimely filing. *See U.S. ex rel. Gudur*, 512 F. Supp. 2d at 928. The court also found that the record in that case was already substantial and that additional briefing would not have been helpful. In sum, the court granted a motion to strike because the statement of interest was untimely, useless, and unnecessary to the administration of justice. *See id*.

By contrast, (1) the record in this case is in its infancy, (2) the Government was not egregiously late in its filing, and (3) the Government has set forth a persuasive reason as to why it delayed filing its statement of interest. When coupled with the fact that the federal government has "broad, undoubted power over the subject of immigration and the status of aliens," *Arizona v. United States*, 567

6

U.S. 387, 394 (2012) (citations omitted), and that courts have previously denied motions to strike statements of interest filed soon after motions to dismiss, we find that the Government has set forth good cause to remedy the untimely filing. *See Ungaro-Benages*, 2003 WL 25729923, at *1 ("[W]hile discovery was proceeding, the United States filed a pleading entitled 'Statement of Interest of The United States'"). Accordingly, Plaintiff's motion to strike is **DENIED**.[3]

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike the Government's statement of interest is **DENIED**. [D.E. 27]. Plaintiff shall file a response to the Government's statement of interest within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of November, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] While we deny Plaintiff's motion to strike the Government's statement of interest from the record, it is of course in the purview of the District Judge as to whether the submission is ultimately considered or not.