# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON LOPEZ-LOPEZ,                    )
ON BEHALF OF HIMSELF AND              )
ALL OTHER SIMILARLY SITUATED          )
                     Plaintiff,       )
                                      )        No. 1:17-cv-786
-v-                                   )
                                      )        HONORABLE PAUL L. MALONEY
COUNTY OF ALLEGAN, AND                )
FRANK BAKER,                          )
IN HIS INDIVIDUAL CAPACITY,           )
                     Defendants.      )
_____     )

## OPINION

Plaintiff Aaron Lopez-Lopez seeks a preliminary injunction (ECF No. 33) to prevent Defendants Allegan County and Sheriff Frank Baker from cooperating with federal immigration agents because he believes it violates the Fourth Amendment. However, because Lopez-Lopez lacks standing to seek such relief, the motion will be denied.

## I.

Aaron Lopez-Lopez was arrested on August 14, 2017 in Allegan County on an outstanding warrant for a probation violation. He was booked into the Allegan County Jail shortly thereafter—around 8:00 p.m.—and his family posted a $1000 cash bond around 9:30 p.m. Allegan County did not receive confirmation of the deposit until around 10:30 p.m.

Nearly simultaneous to Lopez-Lopez posting bond, and before receiving confirmation, Allegan County received an I-247 detainer and I-200 administrative warrant from Immigration and Customs Enforcement (ICE) for Lopez-Lopez. The I-247 Detainer requested that Allegan County hold Lopez-Lopez until an ICE agent could take custody of

Case 1:17-cv-00786-PLM-RSK ECF No. 41 filed 01/04/18 PageID.521 Page 2 of 7

him, but indicated that if **ICE** was unable to pick him up within 48 hours, he should be released.

The next morning, an ICE agent personally served Lopez-Lopez with the ICE administrative warrant. ICE agents then took custody of him around 3:00 p.m. that afternoon.

Lopez-Lopez has now filed suit alleging that Allegan County and Sheriff Frank Baker violated his Fourth Amendment right to be free from unreasonable searches and seizures. He also seeks injunctive relief on behalf of a class action, proposing that he represent the interests of all persons, past, present, and future who have been detained "solely on the basis of an ICE Detainer."

The Court held oral argument on the motion for a preliminary injunction on December 18, 2017. At the close of argument, the Court indicated that Lopez-Lopez's motion would be denied with a written opinion to follow.

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.,* 150 F.3d 604, 606 (6th Cir.1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.,* 452 F.3d

Case 1:17-cv-00786-PLM-RSK ECF No. 41 filed 01/04/18 PageID.522 Page 3 of 7

543, 548-49 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen,* 511 U.S. at 377.

The Court generally has subject matter jurisdiction over cases arising under federal law under 28 United States Code section 1331. However, the jurisdictional statute is not the end of the story. In the immigration context, Congress has significantly curtailed the jurisdiction of the federal district courts by virtue of the Immigration and Nationality Act. Specifically, the parameters of judicial review of immigration decisions are set by 8 U.S.C. § 1252—entitled Judicial Review of Orders of Removal. Section 1252(a)(5) funnels all judicial review of "an order of removal" to an appropriate federal appellate court. This case does not concern an order of removal.

Section 1252(b)(9)—entitled Requirements for Review of Orders of Removal—further limits jurisdiction:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

The Defendants argue that the INA deprives the Court of subject matter jurisdiction over Plaintiff's constitutional challenge in its entirety because ICE's decision to issue an I-247 detainer and I-200 administrative warrant initiated removal proceedings against Plaintiff, and he is challenging their authority to comply with ICE directives stemming from that decision. (ECF No. 36 at PageID.389.) Defendants cite to *Jama v. Department of Homeland Security* as support for their argument. 760 F.3d 490 (6th Cir. 2014). There, the Sixth Circuit

reviewed a determination by a federal district court that it lacked subject matter jurisdiction over claims that the Department of Homeland Security unlawfully terminated the plaintiff's refugee status. However, *Jama* dealt with the Administrative Procedure Act, because the plaintiff did not allege any constitutional violation that could confer jurisdiction. *Id.* at 494. The court held that Jama's various claims relating to the immigration proceedings were either committed to agency discretion by law or were not yet subject to final agency action, so the APA did not confer jurisdiction to the district court. *Id.* Thus, it affirmed the district court's dismissal of his complaint for lack of subject matter jurisdiction. *Id.* at 495. *Jama* is not particularly helpful to the Court as it determines whether Plaintiff's claim—that Allegan County violated the Fourth Amendment by cooperating with ICE—"aris[es] from" an action taken . . . to remove an alien from the United States. 8 U.S.C. 1252(b)(9).

Not all suits against immigration authorities implicate the jurisdiction-channeling clauses of the INA. In *Kellici v. Gonzales*, the issue was whether a due process challenge brought under 28 U.S.C. § 2241—alleging that the alien had not received notice of the date in which he was directed to report to ICE for removal—was properly brought in the district court, rather than the court of appeals. 472 F.3d 416 (6th Cir. 2006). The claim "explicitly challenged the constitutionality of the arrest detention, and underlying order of removal." *Id.* at 418. However, the court remanded to the district court because the petition "did not contest or even mention the hearings before the IJ and BIA and the final order of removal." *Id.* at 420. Accordingly, the court found that the challenge was independent of a challenge to removal and thus the district court had jurisdiction over the claim rather than the court of appeals. *Id.*

Ultimately, the Court's subject matter is a close question. While recognizing that *Kellici* is not squarely on point, the Court finds it instructive. If the petitioner's due process challenge did not implicate section 1252 of the INA because his petition did not refer to the underlying immigration proceedings—even though it challenged the constitutionality of the petitioner's detention—then the INA does not deprive the Court of Lopez-Lopez's constitutional challenge to his detention by Allegan County. Lopez-Lopez's challenge to state and local policies relating to ICE, including policies for detaining individuals after they have posted bond on state-law charges, is distinct from "an action or proceeding to remove an alien" under 8 U.S.C. § 1252(b)(9). This conclusion appears consistent with other federal district courts from across the nation that have considered similar challenges to ICE detainers. *See, e.g., Ochoa v. Campbell,* --- F. Supp. 3d ---, 2017 WL 3476777 (E.D. Wa. July 31, 2017) (concluding that locality violated plaintiff's fourth amendment rights by detaining him pursuant to an ICE detainer and granting temporary restraining order); *Santos v. Frederick County Bd. of Comm'rs,* 884 F. Supp. 2d 420 (D. Md. 2012) (considering alien's constitutional challenges to local cooperation with ICE detainer) *aff'd in part, rev'd in part and vacated on other grounds* 725 F.3d 451. Accordingly, the Court has subject matter jurisdiction to decide the questions presented and will turn to the other justiciability issues.

### III.

Standing is closely related but conceptually distinct from subject matter jurisdiction. "[T]he question of standing is whether the litigant is entitled to have the [judiciary] decide the merits of the dispute or of particular issues." *Warth v. Seldin,* 422 U.S. 490, 498, (1975). It is one of the most basic constitutional limitations on the Court's jurisdiction because it

5

implicates the case or controversy requirement. *Flast v. Cohen*, 392 U.S. 83, 94–101 (1968). Plaintiffs must demonstrate a "personal stake in the outcome" in order to "assure that concrete adverseness which sharpens the presentation of issues" necessary for the proper resolution of constitutional questions. *Baker v. Carr*, 369 U.S. 186, 204 (1962).

"Standing is not dispensed in gross[]"—a plaintiff must demonstrate standing for each form of relief sought. *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996). When seeking injunctive relief for an alleged constitutional violation, not even a showing of past harm is sufficient to establish standing. Instead, a plaintiff must show that she is "realistically threatened" by a repetition of the constitutional violation. *City of Los Angeles v. Lyons*, 461 U.S. 95, 110 (1983). In other words, "past exposure to illegal conduct . . . unaccompanied by any continuing, present adverse effects, will not suffice to establish "a present case or controversy." *Sumpter v. Wayne County*, 868 F.3d 473, 491 (6th Cir. 2017) (quoting *Lyons*, 461 U.S. at 102). Speculative theories do not support standing for injunctive relief. *See e.g.*, *Porter v. Nussle*, No. 14-255, 2017 WL 5022325 at *3 (W.D. Mich. Nov. 3, 2017) (holding that plaintiff lacked standing to pursue injunctive relief for alleged constitutional violations while imprisoned based on speculation that plaintiff again may be subject to imprisonment for a future crime).

This case presents one further standing-related wrinkle. Lopez-Lopez seeks to represent a class action to vindicate the constitutional rights of all persons past, present and future who have been detained by Allegan County pursuant to an ICE Detainer. Class representatives are not immune to the standing requirements and cannot rely on injuries to unnamed putative class members to support their own standing. *Lewis*, 518 U.S. at 357.

6

Case 1:17-cv-00786-PLM-RSK ECF No. 41 filed 01/04/18 PageID.526 Page 7 of 7

Accordingly, Lopez-Lopez must have individual standing to assert the common claims of the class. *See Sierra Club v. Morton*, 405 U.S. 727, 736 (1972).

Lopez-Lopez is unable to meet the *Lyons* standard because it would require showing a likelihood that he will again be arrested and detained on state criminal charges and subjected to a subsequent ICE detainer. This is precisely the type of speculative theory that does not withstand scrutiny. *See e.g., Porter*, 2017 WL 5022325, at *3. Lopez-Lopez's lack of individual standing for injunctive relief also prevents him from seeking injunctive relief on behalf of a purported class action. *See Lewis*, 518 U.S. at 358 n.6 (holding that plaintiff must establish standing for each kind of relief sought); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) ("Threshold individual standing is a prerequisite for all actions, including class actions." (citations omitted)).

Accordingly, the Court concludes that Lopez-Lopez lacks standing to pursue injunctive relief in this matter and will deny the motion for a preliminary injunction. The Court expresses no opinion as to any other legal question presented.

**ORDER**

For the reasons stated in the accompanying Opinion, the Court **DENIES** Plaintiff Aaron Lopez-Lopez's amended motion for a preliminary injunction. (ECF No. 33.)

**IT IS SO ORDERED.**

Date: January 4, 2018

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

7
