## U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

**Policy Number 10074.2:**     **Issuance of Immigration Detainers by ICE Immigration Officers**

**Issue Date:  March 24, 2017**
**Effective Date:  April 2, 2017**
**Superseded:**  Interim Policy No. 10074.1: *Detainers* (Aug. 2, 2010)
**Federal Enterprise Architecture Number:** 306-112-002b

1.     **Purpose/Background.**  This Directive establishes U.S. Immigration and Customs Enforcement (ICE) policy and procedures regarding the issuance of civil immigration detainers to federal, state, local, and tribal law enforcement agencies (LEAs).  ICE issues detainers to federal, state, local, and tribal LEAs to provide notice of its intent to assume custody of a removable alien detained in federal, state, local, or tribal custody.  The Department of Homeland Security's (Department or DHS) detainer authority, codified in section 287.7 of title 8 of the Code of Federal Regulations (C.F.R.), arises from the Secretary of Homeland Security's power under section 103(a)(3) of the Immigration and Nationality Act (INA) to provide regulations "necessary to carry out his authority," and from ICE's general authority to arrest and detain aliens subject to removal or removal proceedings, pursuant to sections 236, 241, and 287 of the INA.  The use of immigration detainers, however, long pre-dates any reference to detainers in the statute or regulations.[1]  In fact, the former Immigration and Naturalization Service first used the Form I-247 as early as 1952.

Detainers enable ICE to judiciously deploy its investigative, detention, and removal resources consistent with the immigration enforcement priorities of the Department and the executive branch of the U.S. Government.  Detainers also allow ICE immigration officers to avoid the risks to public safety and officer safety associated with arrests outside the custodial environment.

2.     **Policy.**  It is ICE policy to ensure that ICE immigration officers exercise detainer authority in a manner consistent with all legal requirements and in a manner that ensures ICE's LEA partners may honor detainers.

2.1.     The consolidated detainer form, Form I-247A (Immigration Detainer – Notice of Action), attached to this Directive shall be used as of the effective date of this Directive.  Form I-247D (Immigration Detainer – Request for Voluntary Action), Form I-247N (Request

---

[1] *See, e.g., Chung Young Chew v. Boyd*, 309 F.2d 857 (9th Cir. 1962); *Rinaldi v. United States*, 484 F. Supp. 916 (S.D.N.Y. 1977); *Slavik v. Miller*, 89 F. Supp. 575 (W.D. Pa. 1950), *aff'd*, 184 F.2d 575 (3d Cir. 1950), *cert. denied*, 340 U.S. 955 (1951); *Matter of Lehder*, 15 I&N Dec. 159 (BIA 1975).

for Voluntary Notification of Release of Suspected Priority Alien), and Form I-247X (Request for Voluntary Transfer), may no longer be issued. Detainers issued on prior versions of the detainer form remain active and need not be replaced with a Form I-247A. *See* Attachment 8.4 for guidance on how to complete the Form I-274A.

2.2.  Only ICE immigration officers, including designated officers of a state or political subdivision of a state authorized to perform certain immigration officer functions under section 287(g) of the INA, may issue immigration detainers.

2.3.  Regardless of whether a federal, state, local, or tribal LEA regularly cooperates with DHS immigration detainers, ICE immigration officers shall issue a detainer to the LEA for an alien in the LEA's custody after the alien is arrested for a criminal offense and the officer has probable cause to believe that the subject is an alien who is removable from the United States.

2.4.  ICE immigration officers must establish probable cause to believe that the subject is an alien who is removable from the United States before issuing a detainer with a federal, state, local, or tribal LEA. Further, as a matter of policy, all detainers issued by ICE must be accompanied by either: (1) a properly completed Form I-200 (Warrant for Arrest of Alien) signed by an authorized ICE immigration officer; or (2) a properly completed Form I-205 (Warrant of Removal/Deportation) signed by an authorized ICE immigration officer.[2]

2.5.  Except for circumstances in which the alien is detained in ICE custody at the time the detainer is issued, an ICE immigration officer shall not issue an immigration detainer to an LEA unless the LEA has arrested the alien for a criminal offense in an exercise of the LEA's independent arrest authority.[3] ICE Immigration officers shall not issue an immigration detainer for an alien who has been temporarily detained or stopped, but not arrested, by another LEA. This does not preclude the LEA from temporarily detaining an alien while an ICE immigration officer responds to the scene.

2.6.  An ICE immigration officer may not issue a detainer based upon the initiation of an investigation to determine whether the subject is a removable alien. An ICE immigration officer may not establish probable cause of alienage and removability, for purposes of detainer issuance, solely based on evidence of foreign birth and the absence of records in available databases ("foreign-born-no match").

---

[2] Although ICE maintains that this is not legally required, ICE is implementing this warrant measure as a nationwide policy in light of one district court's ruling that detention pursuant to an ICE detainer constitutes a warrantless arrest and that section 287(a)(2) of the INA only authorizes a warrantless arrest if there is reason to believe the alien will escape before an arrest warrant can be secured. *See Moreno v. Napolitano*, --- F. Supp. 3d ---, 2016 WL 5720465, at *8 (N.D. Ill. Sept. 30, 2016).

[3] Box 2 on Form I-247A (Immigration Detainer – Notice of Action) is used by ICE to ensure that an alien detained in ICE's custody is returned to ICE custody after being transferred to another LEA for a proceeding or investigation. Such detainers may be issued prior to the other LEA assuming custody of the subject of the detainer.

**2.7.** ICE immigration officers must promptly assume custody of an alien who is the subject of an immigration detainer. Further, ICE immigration officers should assume custody of an alien subject as soon as practicable, and as close as possible to the time at which the alien would otherwise have been released by the relevant LEA, but in no circumstances more than 48 hours after such time. If it becomes apparent that ICE cannot assume custody of the alien within 48 hours of when he or she would otherwise be released, the ICE immigration officer should immediately cancel the detainer.

**2.8.** In some cases, after issuing an immigration detainer for an individual in the custody of a federal, state, local, or tribal LEA, ICE may determine that it will not assume custody of the subject. In these cases, the ICE immigration officer must cancel the immigration detainer as soon as such determination is made.

**2.9.** As a matter of law, ICE cannot assert its civil immigration enforcement authority to arrest and/or detain a U.S. citizen.[4]

**3.** **Definitions.** The following definitions apply only for purposes of this directive.

**3.1.** **Detainer.** A notice that ICE issues to a federal, state, local, or tribal LEA to inform the LEA that ICE intends to assume custody of a removable alien in the LEA's custody.

**3.2.** **ICE Immigration Officer.** The term "ICE immigration officer" means Enforcement and Removal Operations (ERO) deportation officers and Homeland Security Investigations (HSI) special agents, including supervisory and managerial personnel who are responsible for supervising authorized immigration officers, as well as designated officers of a state or political subdivision of a state authorized to perform certain immigration officer functions under section 287(g) of the INA. *See* 8 C.F.R. § 287.7(b).

**3.3.** **Probable Cause.** The facts and circumstances within the officer's knowledge and of which they have reasonably trustworthy information that are sufficient in themselves to warrant a person of reasonable caution in the belief that an individual is a removable alien.

**4.** **Responsibilities.**

**4.1.** **All ICE employees** are responsible for complying with the policy and procedures set forth in this Directive.

**4.2.** **ICE immigration officers**, including designated immigration officers of a state or political subdivision of a state authorized to perform certain immigration officer functions under section 287(g) of the INA, are responsible for issuing and executing

---

[4] ICE immigration officers must comply with requirements of ICE Policy No. 16001.2, *Investigating the Potential U.S. Citizenship of Individuals Encountered by ICE* (Nov. 10, 2015), when issuing detainers. In particular, footnote 1 of that policy specifically applies to prior versions of the detainer "and/or any successor form serving the same or substantially similar" purpose.

immigration detainers in accordance with the policy and procedures set forth in this Directive.

**4.3.** **ICE ERO Assistant Directors, Deputy Assistant Directors, Field Office Directors (FODs), and the Directors of the National Criminal Analysis and Targeting Center, the Pacific Enforcement Response Center, and the Law Enforcement Support Center,** and their designees, as well as the **ICE HSI Assistant Director for Domestic Operations** and **ICE HSI Special Agents in Charge (SACs)** and their designees, are responsible for disseminating and ensuring compliance with this Directive.

**5.** **Procedures.**

**5.1.** **Establishing Probable Cause.**

As a matter of policy, a detainer must be supported by probable cause based upon one of the following four categories of information:

1) A final order of removal against the alien;

2) The pendency of ongoing removal proceedings against the alien, including cases in which DHS has issued a charging document and served the charging document on the alien;

3) Biometric confirmation of the alien's identity and a records match in federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the alien either lacks lawful immigration status or, notwithstanding such status, is removable under U.S. immigration law; and/or

4) Statements made voluntarily by the alien to an ICE immigration officer and/or other reliable evidence that indicate the alien either lacks lawful immigration status or, notwithstanding such status, is removable under U.S. immigration law.

An ICE immigration officer may not issue a detainer prior to establishing probable cause to believe that the subject is a removable alien. Further, an ICE immigration officer may not issue a detainer based upon the initiation of an investigation to determine whether the subject is a removable alien. The pendency of ongoing removal proceedings refers to cases in which DHS has issued a charging document and served the charging document on the alien. As a matter of policy, an ICE immigration officer may not establish probable cause of alienage and removability, for purposes of detainer issuance, solely based on evidence of foreign birth and the absence of records in available databases ("foreign-born-no match").

**5.2.** **Issuing an Immigration Detainer and Administrative Warrant.** All immigration detainers (Form I-247A Immigration Detainer – Notice of Action) must be accompanied by either Form I-200 (Warrant for Arrest of Alien) or Form I-205 (Warrant of Removal/Deportation).

1) If the subject of the detainer is a removable alien who is not yet subject to a final order of removal, the ICE immigration officer who issues the detainer shall attach a Form I-200 (Warrant for Arrest of Alien) to the detainer.

    a. The Form I-200 shall be issued by any of the supervisory immigration officials listed at 8 C.F.R. § 287.5(e)(2).

2) If the subject of the detainer is also the subject of a final order of removal, including where the alien is subject to reinstatement of removal under section 241(a)(5) of the INA, the ICE immigration officer who issues the detainer shall attach a Form I-205 (Warrant of Removal/Deportation) to the immigration detainer.

    a. The Form I-205 shall be issued by any of the supervisory immigration officials listed in 8 C.F.R. § 241.2(a)(1).

**5.3.** **Declined Immigration Detainers.** When ICE becomes aware that an LEA failed to honor an immigration detainer issued by ICE, the ICE immigration officer shall document the declined detainer in the ENFORCE Alien Removal Module (EARM) through the use of the detainer lift code of "A – Declined by LEA."

**5.4.** **Cancelling an Immigration Detainer.** If after issuing an immigration detainer ICE determines that it will not assume custody of the subject, the ICE immigration officer must cancel the immigration detainer.

1) Form I-247A shall be issued to the relevant LEA requesting cancellation of the detainer; and

2) All cancelled detainers shall be documented in EARM through the use of the detainer lift code of "L - Lifted", or using another case-specific lift code requiring the cancellation of the detainer (e.g. "D – Died", "N – Alien not subject to deportation").

**6.** **Recordkeeping.** ICE maintains records generated pursuant to this policy, specifically Forms I-247A (Immigration Detainer-Notice of Action), Forms I-200 (Warrant for Arrest of Alien) and Forms I-205 (Warrant of Removal/Deportation) in the Alien File.

**7.** **Authorities/References.**

**7.1.** Immigration and Nationality Act of 1952, Pub. L. No. 82-414, as amended (codified at 8 U.S.C. §§ 1101 *et seq.*).

**7.2.** 8 C.F.R. §§ 236.1, 241.2, 287.3, 287.5, 287.7.

**7.3.** *Moreno v. Napolitano*, --- F. Supp. 3d ---, 2016 WL 5720465 (N.D. Ill. Sept. 30, 2016).

**7.4.** Executive Order 13768, *Enhancing Public Safety in the Interior of the United States* (Jan. 25, 2017).

**7.5.** Memorandum from DHS Secretary John Kelly, *Enforcement of the Immigration Laws to Serve the National Interest* (Feb. 20, 2017).

**7.6.** ICE Policy No. 16001.2, *Investigating the Potential U.S. Citizenship of Individuals Encountered by ICE* (Nov. 10, 2015).

**7.7.** ICE Policy No. 13001.1, *State Personnel Designated to Act as Immigration Officers for Immigration Enforcement Purposes* (Dec. 4, 2008).

**8.**   **Attachments.**

**8.1.** Form I-247A (Immigration Detainer – Notice of Action).

**8.2.** Form I-200 (Warrant for Arrest of Alien).

**8.3.** Form I-205 (Warrant of Removal/Deportation).

**8.4.** ICE Guidance For Completing the Form I-247A.

**9.**   **No Private Right Statement.** This document provides only internal ICE policy guidance, which may be modified, rescinded, or superseded at any time without notice. It is not intended to, does not, and may not be relied upon to create or diminish any rights, substantive or procedural, enforceable at law or equity by any party in any criminal, civil, or administrative matter. Likewise, no limitations are placed by this guidance on the otherwise lawful enforcement or litigative prerogatives of ICE.

Thomas D. Homan
Acting Director
U.S. Immigration and Customs Enforcement

6