OFFICIAL FILE COPY
CLERK OF THE BOARD
OF COUNTY COMMISSIONERS
MIAMI-DADE COUNTY, FLORIDA

# MEMORANDUM

Amended
Substitute
Special Item No. 1

| | | | |
|---|---|---|---|
| **TO:** | Honorable Chairman Esteban L. Bovo, Jr. and Members, Board of County Commissioners | **DATE:** | February 17, 2017 |
| **FROM:** | Abigail Price-Williams County Attorney | **SUBJECT:** | Resolution related to immigration detainer requests; reaffirming that Miami-Dade County remains fully compliant with the United States Constitution and all applicable federal laws; amending Resolution No. R-1008-13 to ensure that Miami-Dade County is cooperating with United States Immigration and Customs Enforcement to the extent permissible by law and is not deemed ineligible for federal grants and funding pursuant to a recent Executive Order; rejecting label or designation as a "sanctuary jurisdiction" |

Resolution No. R-163-17

The accompanying resolution was prepared and placed on the agenda at the request of Prime Sponsor Commissioner Sally A. Heyman and Co-Sponsor Chairman Esteban L. Bovo, Jr.

Abigail Price-Williams
County Attorney

APW/smm

/



# MEMORANDUM
(Revised)

| | | | |
|---|---|---|---|
| **TO:** | Honorable Chairman Esteban L. Bovo, Jr. and Members, Board of County Commissioners | **DATE:** | February 17, 2017 |

**FROM:** Abigail Price-Williams
County Attorney

**SUBJECT:** Amended Substitute Special Item No. 1

Please note any items checked.

_____ "3-Day Rule" for committees applicable if raised

_____ 6 weeks required between first reading and public hearing

_____ 4 weeks notification to municipal officials required prior to public hearing

_____ Decreases revenues or increases expenditures without balancing budget

_____ Budget required

_____ Statement of fiscal impact required

_____ Statement of social equity required

_____ Ordinance creating a new board requires detailed County Mayor's report for public hearing

___✓___ No committee review

_____ Applicable legislation requires more than a majority vote (i.e., 2/3's _____, 3/5's _____, unanimous _____ ) to approve

_____ Current information regarding funding source, index code and available balance, and available capacity (if debt is contemplated) required

2

Approved _____ Mayor

Veto      _____

Override  _____

Amended
Substitute
Special Item No. 1

2-17-17

RESOLUTION NO.   R-163-17

RESOLUTION RELATED TO IMMIGRATION DETAINER
REQUESTS; REAFFIRMING THAT MIAMI-DADE COUNTY
REMAINS FULLY COMPLIANT WITH THE UNITED STATES
CONSTITUTION AND ALL APPLICABLE FEDERAL LAWS;
AMENDING RESOLUTION NO. R-1008-13 TO ENSURE
THAT MIAMI-DADE COUNTY IS COOPERATING WITH
UNITED STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT TO THE EXTENT PERMISSIBLE BY LAW
AND IS NOT DEEMED INELIGIBLE FOR FEDERAL
GRANTS AND FUNDING PURSUANT TO A RECENT
EXECUTIVE ORDER; REJECTING LABEL OR
DESIGNATION AS A "SANCTUARY JURISDICTION"

WHEREAS, the United States Department of Homeland Security, Immigration and

Customs Enforcement ("ICE") issues immigration detainer requests to local criminal justice

agencies, including the Miami-Dade County Corrections and Rehabilitation Department, to hold

inmates for an additional period of time beyond when they would normally be released, usually

48 hours, not including weekends and holidays; and

WHEREAS, the federal government does not reimburse local criminal justice agencies

for the cost of compliance with such ICE detainer requests, leaving local taxpayers to incur this

cost; and

WHEREAS, on December 3, 2013, this Board adopted Resolution No. R-1008-13,

which directed the Mayor or Mayor's designee to implement a policy whereby an ICE detainer

request would be honored only if the federal government agreed to reimburse Miami-Dade

County for the costs of detention and the inmate that is the subject of the request has a previous

conviction for a forcible felony or has a pending charge of a non-bondable offense; and

3

Amended
Substitute
Special Item No. 1
Page No. 2

**WHEREAS**, the intent of Resolution No. R-1008-13 was to save Miami-Dade County taxpayers the cost of detaining non-violent inmates beyond the point at which they would be released absent an ICE detainer request; and

**WHEREAS**, on January 25, 2017, President Donald J. Trump signed an Executive Order entitled Enhancing Public Safety in the Interior of the United States ("Executive Order"); and

**WHEREAS**, the Executive Order provides that jurisdictions that willfully refuse to comply with 8 U.S.C. § 1373 will be designated as "sanctuary jurisdictions" and will not be eligible to receive federal grants, except as deemed necessary for law enforcement purposes; and

**WHEREAS**, Miami-Dade County currently receives hundreds of millions of dollars in federal grants and funding, in a wide range of areas, including but not limited to funding for Miami-Dade County's Public Health Trust, transportation and road systems, Miami International Airport, Port of Miami, environmental protection, housing, education, economic development and Centers for Disease Control for combating Zika; and

**WHEREAS**, Miami-Dade County has plans to apply for federal funding in an amount exceeding $3 billion for transportation needs; and

**WHEREAS**, 8 U.S.C. § 1373 provides that a local governmental entity or official may not prohibit, or in any way restrict, any governmental entity or official from sending to, or receiving from, ICE information regarding the citizenship or immigration status, lawful or unlawful, of any individual; and

**WHEREAS**, Miami-Dade County fully complies with 8 U.S.C. § 1373; and

Amended
Substitute
Special Item No. 1
Page No. 3

WHEREAS, in fact, the Miami-Dade County Corrections and Rehabilitation Department has for many years cooperated and shared information and continues to cooperate and share information with federal and state agencies at booking and release for individuals in custody in compliance with 8 U.S.C. § 1373; and

WHEREAS, the terms "sanctuary jurisdiction", "sanctuary city" and "sanctuary county" are not legally defined terms in federal or state law; and

WHEREAS, Miami-Dade County has never labeled itself or considered itself a "sanctuary jurisdiction", "sanctuary city", or "sanctuary county"; and

WHEREAS, Miami-Dade County will continue to comply with the United States Constitution; and

WHEREAS, Miami-Dade County will continue to require the federal government to show probable cause on all immigration detainer requests; and

WHEREAS, Miami-Dade County remains committed to promoting the trust between local police officers and the immigrant community of Miami-Dade County; and

WHEREAS, the fundamental rights of all humans should be protected,

NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF COUNTY COMMISSIONERS OF MIAMI-DADE COUNTY, FLORIDA, that this Board:

**Section 1.** Reaffirms its position that, with respect to immigration detainer requests, Miami-Dade County remains fully compliant with the United States Constitution and all applicable federal laws.

**Section 2.** Amends Resolution No. R-1008-13 to direct the Mayor or Mayor's designee to ensure that, related to immigration detainer requests, Miami-Dade County:

5

Amended
Substitute
Special Item No. 1
Page No. 4

1. remains fully compliant with all applicable federal laws and the United States Constitution;

2. is cooperating with the federal government to the extent permissible by law;

3. rejects any label or designation as a "sanctuary jurisdiction" pursuant to the recent Executive Order;

4. protects the taxpayers of Miami-Dade County from any actions to render the County ineligible for current or future federal funding;

5. continues to require the federal government to show probable cause on all immigration detainer requests; and

6. will no longer require the federal government to reimburse Miami-Dade County for any and all costs relating to compliance with ICE detainer requests.

**Section 3.**    Rejects any label or designation of Miami-Dade County as a "sanctuary jurisdiction", "sanctuary city", or "sanctuary county" when there is no black letter law or Webster's definition of such terms and when such label or designation will likely result in adverse consequences to the people of Miami-Dade County.

**Section 4.**    Remains committed to the position that all fundamental human rights should be protected.

The Prime Sponsor of the foregoing resolution is Commissioner Sally A. Heyman and the Co-Sponsor is Chairman Esteban L. Bovo, Jr.   It was offered by Commissioner   **Sally A. Heyman** who moved its adoption.  The motion was seconded by Commissioner   **Rebeca Sosa** and upon being put to a vote, the vote was as follows:

6

Amended
Substitute
Special Item No. 1
Page No. 5

|                        |         |                        |        |
|------------------------|---------|------------------------|--------|
| Esteban L. Bovo, Jr., Chairman |  | aye |  |
| Audrey M. Edmonson, Vice Chairwoman |  | aye |  |
| Bruno A. Barreiro      | aye     | Daniella Levine Cava   | nay    |
| Jose "Pepe" Diaz       | aye     | Sally A. Heyman        | aye    |
| Barbara J. Jordan      | absent  | Joe A. Martinez        | aye    |
| Jean Monestime         | nay     | Dennis C. Moss         | aye    |
| Rebeca Sosa            | aye     | Sen. Javier D. Souto   | aye    |
| Xavier L. Suarez       | nay     |                        |        |

The Chairperson thereupon declared the resolution duly passed and adopted this 17th day of February, 2017.  This resolution shall become effective upon the earlier of (1) 10 days after the date of its adoption unless vetoed by the County Mayor, and if vetoed, shall become effective only upon an override by this Board, or (2) approval by the County Mayor of this Resolution and the filing of this approval with the Clerk of the Board.

MIAMI-DADE COUNTY, FLORIDA
BY ITS BOARD OF
COUNTY COMMISSIONERS

HARVEY RUVIN, CLERK

**Christopher Agrippa**
By:_____
Deputy Clerk



Approved by County Attorney as
to form and legal sufficiency.

Anita Viciana Zapata

7