UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NUMBER 17-22477-CV-KMW

Garland Creedle

vs.

Carlos A. Gimenez, et al.

_____

HEARING HELD 5-16-18
BEFORE THE HONORABLE KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT COURT JUDGE

_____

APPEARANCES:

FOR THE PLAINTIFF:           Ira Kurzban, ESQ.
                             2650 SW 27th Avenue
                             Miami, FL 33133

                             Amien Kacou, ESQ.
                             4023 N. Armenia Avenue
                             Tampa, FL 33607.

                             Kevin Gregg, ESQ.
                             2650 SW 27th Avenue
                             Miami, FL 33133


FOR THE DEFENDANT:           Michael Valdes, ESQ.
                             Oren Rosenthal, ESQ.
                             111 NW 1st Street
                             Miami, FL  33128


REPORTED BY:                 PATRICIA SANDERS, RPR
                             United States Court Reporter
                             400 North Miami Avenue, Suite 11-3
                             Miami, FL  33128
                             T: 305.523.5528
                             patricia_sanders@flsd.uscourts.gov.

# Excerpt #1

# Transcript Pages 20-22

THE COURT:  All right. Mr. Kurzban.

MR. KURZBAN: Your Honor, if I could come to the podium because I am a little hard of hearing and I want to make sure I understand all of your questions.

THE COURT:  Of course.

MR. KURZBAN: Thank you, Your Honor.

THE COURT:  And before you start, Mr. Kurzban; I don't want to bury the lead.  I tend to agree with Mr. Valdez -- I'm not sure why we have the Mayor individually.

I know his directive is part of a larger context telling the story and it is relevant.

But why the Mayor and why not DHS and the United States Government, at least as co-partners, in this scenario that has led us here today?

MR. KURZBAN: With respect to the Mayor, Your Honor, I would say this is an unusual case because it was the Mayor who first directed County officials to apply the detainer in all cases.

And by doing so, Your Honor, he directly reversed the policy that existed for at least four or five years; which said no detainers.

So he took it upon himself as the Mayor of the County to direct all County officials in that regard.

The County Commission subsequently reaffirmed what the Mayor had done. Both engaged -- and it is an unusual case in

that both engaged in a policy and practice of directing that
detainers be applied in all cases.

THE COURT:  But isn't the Mayor's directive given
animation and given effect -- this may betray ignorance of
operation of home rule -- but by the resolution?

Mr. Creedle was not apprehended until after the
resolution in any event; so the authority came from the
resolution as opposed to the Mayor's directive.

I mean, am I not understanding the dynamic between the
Mayor and the Commission?

MR. KURZBAN: I think that's right.  And the question
is whether or not there would be any confusion because it would
be tried to Your Honor -- obviously not with respect to any
jury confusion.

Because the Mayor took the initiative -- and if you
look at the sequence of events, what happened to Mr. Creedle
happened after the County's resolution, but the County was
basically adopting what the Mayor did.

THE COURT:  Right.  Which again could go to that
decision-making process and whether it was one that comported
with the law.

MR. KURZBAN: Right.

THE COURT:  Whether or not the resolution that we do
this consonant with the law was sufficient direction to their
officials on how to handle all of this; I don't know that it

makes the Mayor individually a defendant as opposed to Officer Martinez who signed the paper.

MR. KURZBAN: And, Your Honor, I don't want to belabor the point; I just thought this was a unique situation.

THE COURT:  I understand.

MR. KURZBAN: Because normally you would have the County pass a resolution -- maybe at the Mayor's suggestion -- but he directly ordered it. And I think the County was kind of going along with the Mayor when you look at the progression of what happened.

And I certainly understand Your Honor's position; but we believe that the Mayor had a special responsibility because he was the first one to reverse the policy directly and then -- he then sent a signal to the County Commissioners.

THE COURT:  All right.  Talk to me about Mr. Valdez's argument as to the 1983 Monell umbrella versus other vehicles to address the injury Mr. Creedle alleges was occasioned.

MR. KURZBAN: Your Honor, we are not suggesting that the Federal Government should not be sued here; but that is not our objective here.

We believe that the County has violated the Fourth Amendment of the Constitution; and that a plaintiff can pick and choose who he wants to sue.

We do not wish to sue the Department of Homeland Security here because we believe the County has violated the

# **Excerpt #2**

# Transcript Pages 45-47

MR. KURZBAN: I do have a couple of questions.

THE COURT:  All right.

MR. KURZBAN: I had a couple of questions with respect to the amended complaint that -- are you asking that we amend our complaint to add the Federal Government as a party?

THE COURT:  What I am saying is the relief you seek from this Court, if it involves findings that a protocol of a Federal agency is Constitutionally infirm then I think that Mr. Valdez's argument has some resonance that that Federal agency should be joined to defend its interpretation of that protocol.

MR. KURZBAN: Thank you.

THE COURT:  So, I do think that that is required. If that is not the relief Mr. Creedle is seeking then that is not an issue; and Mr. Valdez's discussion about joinder of an indispensable party is not germane to our going forward.

MR. KURZBAN: I can certainly tell the Court now we will do whatever Your Honor's pleasure is with respect to that issue, but our position is very clear, we don't care about the Federal Government.

We think the actors here have violated the Fourth Amendment; and so that is our lawsuit.  I understand that the Government (sic) wants to try to bring them in.

But I still don't understand how they can be an indispensable party. Let's say we take the position they did not violate the Constitution, and only the County did, or we

take the position that they did violate the Constitution but the County did also and we choose not to, at this stage at least, join them as a party -- to the degree that one accepts the County's notion here you would have to accept that the County never violated the Constitution.

And that somehow it was the Federal Government that violated the Constitution that caused the County to do what they did.

That is not what we are saying. We understand the Federal Government made a mistake because they issued a detainer on a U.S Citizen.  There is no question they never issued a warrant -- there is no question about that.

So, I am happy to do what Your Honor wants. I am not sure what it is you want us to do here to amend it.  From our point of view I am not sure there is anything we can say that would be different than what we are saying now.

But to the extent we do amend I assume Your Honor does not want us to go through the County filing a new motion to dismiss and then going through all the briefing we have already done.

THE COURT:  If your amendment merely eliminates the Mayor and in all other respects -- and changes the language about where the injunctive relief is sought, i.e. the resolution as opposed to the directive, then we don't have to rebrief what has already been briefed.

If you believe that it is evident from your pleading what relief is sought and you have answered the question whether or not you are asking the Court to find that the DHS detainer protocol is itself un-Constitutional and that is not what you are asking me to address then we are okay.

MR. KURZBAN: Thank you, Your Honor.

MR. VALDES:  Just one clarification.

THE COURT:  Yes.

MR. VALDES: If they file an amended complaint which strips the Mayor as a party but essentially argues much of the same -- and we have made other arguments as to why those allegations ought to be dismissed.

We would certainly have leave to refile our motion to dismiss asserting those same arguments -- the fact it is under color of Federal authority and therefore is improper.

THE COURT:  If you have any concern about whether you have made your record appropriately you could certainly assuage your concern by saying, we readopt and rely on those arguments, so you have not in someone's view waived it.

What I was saying is I did not see the need to redo the same arguments that you had presented on those same issues before.

MR. VALDES: Thank you, Your Honor.

MR. KURZBAN: Just one other issue. I assume you will issue an order with respect to the discovery one way or the