# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
CASE NUMBER 17-22477-CV-KMW

**Garland Creedle**

        **vs.**

**Carlos A. Gimenez, et al.**

_____

**HEARING HELD 5-16-18**
**BEFORE THE HONORABLE KATHLEEN M. WILLIAMS**
**UNITED STATES DISTRICT COURT JUDGE**
_____

APPEARANCES:

**FOR THE PLAINTIFF:**          **Ira Kurzban, ESQ**
                                **2650 SW 27th Avenue**
                                **Miami, FL 33133**

                                **Amien Kacou, ESQ**
                                **4023 N. Armenia Avenue**
                                **Tampa, FL 33607.**

                                **Kevin Gregg, ESQ.**
                                **2650 SW 27th Avenue**
                                **Miami, FL 33133**

 **FOR THE DEFENDANT:**         **Michael Valdes, ESQ**
                                **Oren Rosenthal, ESQ.**
                                **111 NW 1st Street**
                                **Miami, FL  33128**

**REPORTED BY:**                **PATRICIA SANDERS, RPR**
                                _United States Court Reporter_
                                400 North Miami Avenue, Suite 11-3
                                Miami, FL  33128
                                T: 305.523.5528
                                patricia_sanders@flsd.uscourts.gov.

# Excerpt of Transcript
# Page 19

any cause of action; he simply is barred from bringing these particular claims against Miami Dade County.

If his allegations are true and he is in fact a U.S. Citizen that was improperly identified by a Federal Immigration official as being a removable alien, then he may have a claim under Bivens -- or some other action against the officer individually or the Federal Government as an entity.

But we believe that -- he does not have a claim that would entitle him to the declaratory relief he sought in his complaint or a claim under 1983 to find that Miami Dade has a policy that was the moving force behind any Constitutional violation.

The County policy is to cooperate to the extent permitted by law. And the Constitutional violation, if it occurred, was caused by the misidentification of a Federal official.

Mr. Creedle can be made whole with a claim against the Federal Government for that misidentification. He does not need a broad interpretation of Immigration detainers and Constitutional concerns, and whatnot, to be made whole.

He has a claim against the Federal Government, and he should assert that claim against the Federal Government. What he does not have is a valid claim against Miami Dade County.

THE COURT: Thank you, Mr. Valdes.

MR. VALDES: Thank you, Your Honor.