# Exhibit A

# Memorandum

**Date:** January 26, 2017

**To:** Daniel Junior, Interim Director
Corrections and Rehabilitation Department

**From:** Carlos A. Gimenez
Mayor

**Subject:** Executive Order: Enhancing Public Safety in the Interior of the United States

---

Yesterday, January 25, 2017, President Donald J. Trump issued Executive Order: Enhancing Public Safety in the Interior of the United States.

In light of the provisions of the Executive Order, I direct you and your staff to honor all immigration detainer requests received from the Department of Homeland Security.

Miami-Dade County complies with federal law and intends to fully cooperate with the federal government. I will partner with the Board of County Commissioners to address any issues necessary to achieve this end.

c: Honorable Chairman Esteban L. Bovo, Jr.
   and Members, Board of County Commissioners
   Honorable Harvey Ruvin, Clerk of the Court
   Abigail Price-Williams, County Attorney
   Geri Bonzon-Keenan, First Assistant County Attorney
   Office of the Mayor Senior Staff
   Christopher Agrippa, Clerk of the Board

# Exhibit B

Wen-Ting Cheng
Chief Counsel
Susan Marie Beschta
Acting Deputy Chief Counsel
Ramin Rastegar
Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Office of the Chief Counsel
26 Federal Plaza, Room 1130
New York, New York 10278

DETAINED JUVENILE

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NEW YORK

|  |  |  |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| | ) | |
| Garland Edward CREEDLE-QUINENZ | ) | File No.: A202-131-063 |
| | ) | |
| In Removal Proceedings | ) | |
| | ) | |

Immigration Judge:   N/A                                Next Hearing:  N/A

15 APR 28 PM 3:37
E.O.I.R.
IMMIGRATION COURT
201 VARICK STREET
NEW YORK, NY
RECEIVED
DEPARTMENT OF JUSTICE

## U.S. DEPARTMENT OF HOMELAND SECURITY'S
## MOTION TO TERMINATE PROCEEDINGS

The United States Department of Homeland Security, Immigration and Customs Enforcement ("DHS"), by and through counsel, respectfully requests that removal proceedings be terminated.

The respondent, a juvenile currently detained at Children's Village in New York, has submitted documentation, through counsel, establishing that he has acquired U.S. citizenship from his father, Willie Edward Creedle, pursuant to INA Sections 301(g) and 309(a). Accordingly, DHS respectfully moves to terminate the instant proceedings.

Respectfully submitted,

Ramin Rastegar
Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
26 Federal Plaza, Room 1130
New York, NY 10278

|  |  |
|---|---|
| In the Matter of: | ) |
|  | ) |
| Garland Edward CREEDLE-QUINENZ | )  File No.: A202-131-063 |
|  | ) |
| In Removal Proceedings | ) |

## ORDER OF THE IMMIGRATION JUDGE

Upon consideration of the U.S. DEPARTMENT OF HOMELAND SECURITY'S MOTION TO TERMINATE PROCEEDINGS, it is HEREBY ORDERED that the motion be: _____ granted, _____ denied because:

_____ DHS does not oppose the motion.

_____ The respondent does not oppose the motion.

_____ A response to the motion has not been filed with the Court.

_____ Good cause has been established for the motion.

_____ The Court agrees with the reasons stated in the opposition to the motion.

_____ The motion is untimely per _____.

_____ Other: _____

Deadlines:

_____ The application(s) for relief must be filed by _____.
_____ The respondent must comply with the
DHS biometrics instructions by _____.


_____          _____
Date                                                Immigration Judge


**Certificate of Service**

The document was served by: [ ] Mail, [ ] Personal Service

To: [ ] Alien, [ ] Alien c/o Custodial Officer, [ ] Alien's Attny/Rep, [ ] DHS

Date: _____          By: Court Staff: _____

## CERTIFICATE of SERVICE

Alien Name:      Garland Edward CREEDLE-QUINONEZ

Alien Number:    202-131-063

I, Ramin Rastegar, hereby certify that I have served a complete copy of this Department of Homeland Security's Motion to Terminate on the respondent's representative by depositing the same in the United States Mail, First Class postage prepaid, on this 28th of April 2015, to the following address:

Lorilei A. Williams, Esq.
Staff Attorney
Unaccompanied Minors Program
Catholic Charities Community Services
80 Maiden Lane, 13th Floor
New York, NY 10038

Ramin Rastegar
Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Office of the Chief Counsel
26 Federal Plaza, Room 1130
New York, New York 10278
(212) 264-5916

# Exhibit C

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT

ProBar Children's Project
Gentry, Michelle Maureen
119 W. Van Buren
Ste. 204
Harlingen, TX 78550

IN THE MATTER OF                FILE A 202-131-063        DATE: Apr 30, 2015
CREEDLE-QUINONEZ, GARLAND EDWARD

__ UNABLE TO FORWARD - NO ADDRESS PROVIDED

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
MUST BE MAILED TO:    BOARD OF IMMIGRATION APPEALS
                      OFFICE OF THE CLERK
                      5107 Leesburg Pike, Suite 2000
                      FALLS CHURCH, VA  20530

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                      IMMIGRATION COURT

X OTHER: DECISION OF THE IMMIGRATION JUDGE.

                                MARIA LLERENA
                                COURT CLERK
                                IMMIGRATION COURT                    FF

CC: ASSISTANT CHIEF COUNSEL
    26 FEDERAL PLAZA, 11TH FL
    NEW YORK, NY  10278

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## NEW YORK, NEW YORK

In the Matter of:                                    )
                                                     )
Garland Edward CREEDLE-QUINENZ          )        File No.: A202-131-063
                                                     )
In Removal Proceedings                               )

### ORDER OF THE IMMIGRATION JUDGE

Upon consideration of the U.S. DEPARTMENT OF HOMELAND SECURITY'S MOTION TO TERMINATE PROCEEDINGS, it is HEREBY ORDERED that the motion be: ____ granted, ____ denied because:

____ DHS does not oppose the motion.

____ The respondent does not oppose the motion.

____ A response to the motion has not been filed with the Court.

✓ Good cause has been established for the motion.

____ The Court agrees with the reasons stated in the opposition to the motion.

____ The motion is untimely per _____

____ Other: _____

Deadlines:

____ The application(s) for relief must be filed by: _____
____ The respondent must comply with the
DHS biometrics instructions by _____

Date  4/30/15                          _____
                                        Immigration Judge

Certificate of Service
The document was served by: [ ✓ ] Mail, [ ] Personal Service
To: [ ] Alien, [ ] Alien c/o Custodial Officer, [ ] Alien's Attny/Rep, [ ✓ ] DHS
Date: 4/30/15                          By: Court Staff: _____

# Exhibit D

# DEPARTMENT OF HOMELAND SECURITY (DHS)
## REQUEST FOR VOLUNTARY TRANSFER

Jail # 170131250

| Subject ID: 358274649 | File No: 202 131 063 |
| Event #: BDC1703000474 | Date: March 13, 2017 |

TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) DADE COUNTY CORRECTIONAL
1321 NW 13 STREET
MIAMI, FL 33034

FROM: (DHS Office Address)
DRO - Bradenton, FL Sub Office
U.S. IMMIGRATION & CUSTOMS ENFORCEMENT
ERO - KRCME SPC - MIAMI, FLORIDA
18201 SW 12TH STREET
MIAMI, FL 33194

Name of Subject: CREEDLE-QUINONEZ, GARLAND EDWARD

Date of Birth: 01/06/1999    Suspected or Known Citizenship: HONDURAS    Sex: M

## A. DHS REQUESTS VOLUNTARY TRANSFER OF THE SUBJECT BECAUSE (complete box 1 or 2 below):

x 1. DHS suspects that the subject is an **immigration enforcement priority** because (mark at least one):

☐ (s)he was apprehended at the border or ports of entry while attempting to unlawfully enter the United States;
☐ (s)he was apprehended in the United States after unlawfully entering or re-entering the United States after January 1, 2014;
☐ (s)he has significantly abused the visa or visa waiver programs;
☐ (s)he was issued a final order of removal after January 1, 2014; and/or
x in the judgment of a designated senior DHS official, his/her removal would serve an important federal interest.

☐ 2. DHS transferred the **subject to your custody** for a proceeding or investigation and, upon completion of that proceeding or investigation, DHS intends to resume custody of the subject to complete processing.

## B. DHS REQUESTS YOUR COOPERATION AS FOLLOWS (complete box 1 or 2 below):

☐ 1. NOTIFICATION. Please notify DHS as early as practicable (at least 48 hours, if possible) before the subject is released from your custody to allow DHS an opportunity to determine whether there is probable cause to conclude that (s)he is a removable alien.

NOTE: This voluntary notification request **does not** request or authorize that you detain the subject beyond the time he or she is currently scheduled for release from your custody.

x 2. DETAINER. Please serve a copy of this form on the subject and maintain custody of him/her for a period **NOT TO EXCEED 48 HOURS** beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. Probable cause exists that the subject is a removable alien. This determination is based on (check at least one box below):

☐ a final **order of removal** against the subject;
☐ the pendency of **ongoing removal proceedings** against the subject;
x **biometric confirmation** of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or
☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

NOTE: This request takes effect only if you serve a copy of this form on the subject, and it does not request or authorize that you hold the subject beyond 48 hours.

IMPORTANT NOTICES:

- This request arises from DHS authorities and should not impact decisions about the subject's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters.
- As early as possible prior to the time you otherwise would release the subject, please notify DHS by calling ☒ U.S. Immigration and Customs Enforcement (ICE) or ☐ U.S. Customs and Border Protection (CBP) at 305-207-5126
  If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at: (802) 872-6020.
- Please notify this office in the event of the subject's death, hospitalization, or transfer to another institution.

☐ If checked: Please cancel the detainer related to this subject previously submitted to you on _____ (date).

ALEXANDER MARTINEZ - Deportation Officer    #3974

(Name and title of Immigration Officer)    (Signature of Immigration Officer)

Notice: If the subject is taken into DHS custody, he or she may be removed from the United States. If the subject may be the victim of a crime or you want the subject to remain in the United States for a law enforcement purpose, please notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

Please provide the information below, sign, and return to DHS by mailing, emailing, or faxing a copy to _____.

### TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE SUBJECT OF THIS NOTICE:

Local Booking/Inmate #: _____    Est. release date/time: _____    Date of latest criminal charge/conviction: _____

Arresting agency, if available, and latest offense charged/convicted: _____

If Box B.2. is checked above, please indicate the manner in which this Form I-247X was served upon the subject:

☐ in person ☐ by inmate mail delivery ☐ other _____ (please specify) date: _____

Sgt. Sanders Williams

(Name and title of Officer)    (Signature of Officer)

DHS Form I-247X (08/15)

# Exhibit E

## ROCHE SURETY & CASUALTY COMPANY, INC.

4107 N. Himes Avenue • 2nd Floor • Tampa, FL 33607
(813) 623-5042 • (800) 789-3899 • Fax (813) 623-5939

# RECEIPT AND STATEMENT OF CHARGES

CONTROL NO. AB17-113452

**RECEIVED FROM:**

Name: Marlon Francisco Quinonez Aguirre

Defendant's Name: Garland Edward Creedle

Power Number: AB17-113452

Expenses (Itemized in detail, such as Guard Fees, Recording Fees, Notary Fees, Long Distance Calls, Telegrams, Travel and other actual, unusual expenses):

Name and Address of Bail Agency:

305 Bail Bonds
1421 Northwest North River Drive
Miami, Florida 33125
Website: www.305bailbonds.com
(305) 494-9000
Agent: Bert Velunza

| | |
|---|---|
| DATE | March 13, 2017 |
| BAIL BOND PREMIUM* | $750.00 |
| MISC. CHARGES | $0.00 |
| TOTAL CHARGES | $750.00 |
| RECEIVED ON ACCOUNT | $750.00 |
| BALANCE | $0.00 |

**\*PREMIUM IS NON-REFUNDABLE.**

Received By:
Signature

Original: Client Copy     Yellow: Agent Copy     Pink: File Copy

# Exhibit F


SENT VIA FEDERAL EXPRESS

May 30, 2018

Office of the General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

Office of the Principal Legal Advisor
Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street SW
Washington, DC 20024

**RE:    Federal Tort Claim Act Administrative Claim
         Garland Creedle**

Dear Sir or Madam:

I represent Mr. Creedle in his administrative claim for damages under the Federal Tort Claim
Act. Please find enclosed a completed Form 95 with attachments.

Thank you for your consideration of this claim.

Sincerely,

Rebecca Sharpless
Attorney at law

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>Immigration and Customs Enforcement<br>US Department of Homeland Security<br>United States of America | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>Garland Creedle<br>c/o Rebecca Sharpless, Immigration Clinic, Univ. of Miami School of Law, 1311 Miller Drive, Suite E257, Coral Gables, FL 33146 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH<br>9/6/1999 | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT<br>Mar. 13, 2017 | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Immigration and Customs Enforcement issued a detainer against Garland Creedle on or about March 13, 2017 when he was in Miami-Dade County Department of Corrections. The detainer constituted abuse of process and resulted in Mr. Creedle's false arrest and imprisonment. For additional facts, please see attached a complaint filed in U.S. District Court for the Southern District of Florida, which will be amended to include claims against the U.S. government.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See above

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|  |  |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br><br>500,000 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights).<br><br>500,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br><br>*Attorney for Garland Creedle* | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br><br>305-284-6092 | 14. DATE OF SIGNATURE<br><br>5-30-18 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? [ ] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. [X] No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? [ ] Yes [X] No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). [ ] No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GARLAND CREEDLE,

     Plaintiff,

v.

                                 Case No.:

CARLOS A. GIMENEZ, in his official
capacity as Mayor of Miami-Dade County,
Florida; and MIAMI-DADE COUNTY,         **JURY TRIAL DEMANDED**
Florida,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES AND
## DECLARATORY RELIEF

Plaintiff Garland Creedle sues Defendants Carlos A. Gimenez and Miami-Dade County, Florida, and states the following:

## INTRODUCTION

1.     Miami-Dade County unlawfully arrested and detained Plaintiff Garland Creedle solely for civil immigration purposes, even though Mr. Creedle is a U.S. citizen who cannot be deported. The County voluntarily detained Mr. Creedle at the request of federal immigration authorities of Immigration and Customs Enforcement (ICE). The detention occurred pursuant to a directive from Mayor Carlos A. Gimenez that requires the Miami-Dade Corrections and Rehabilitation Department (MDCR) to deny release for 48 hours or more to any person who is the subject of a check-the-box immigration detainer request. *See* Exhibit A, Attached.

2.     Mayor Carlos A. Gimenez issued the immigration detainer directive on January 26, 2017. The directive reversed over three years of prior policy, under which Miami-Dade Co.

declined to use millions of taxpayer dollars to underwrite the federal government's immigration enforcement agenda.

3. Defendants' policy of acceding to immigration detainer requests runs contrary to hundreds of other cities and counties across the country that have reaffirmed their commitment to limit their unnecessary and unlawful involvement in federal immigration enforcement. The detention policy causes the County routinely to violate the Fourth and Fourteenth Amendments to the U.S. Constitution as well as Florida law.

4. Plaintiff requests a declaratory judgment that the Mayor's directive unlawfully violates the prohibition against unlawful seizures under the Fourth Amendment to the U.S. Constitution, Plaintiff's substantive due process rights under the Fourteenth Amendment of the U.S. Constitution, and Florida law. Plaintiff also requests monetary damages pursuant to 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343, 1367, 2201-02, and Article III of the U.S. Constitution. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(2).

## PARTIES

### Plaintiff

6. Plaintiff Garland Creedle was born in Honduras. He is 18 years old. Mr. Creedle is a U.S. citizen and has been since birth by virtue of the U.S. citizenship held by his father, Willie Edward Creedle.

### Defendants

7.     Defendant Carlos A. Gimenez is the Mayor of Miami-Dade County, Florida. Mayor Gimenez is responsible for issuing the January 26, 2017 directive to MDCR that it detain any individual in its custody beyond the time they would otherwise be entitled to release solely on the basis of a request by ICE. Defendant Gimenez is sued in his official capacity.

8.     Defendant Miami-Dade County is a political subdivision of the State of Florida that can be sued in its own name. Miami-Dade County is responsible for the acts of MDCR, an administrative department of Miami-Dade County.

9.     Defendant Miami-Dade County and its agent Mayor Carlos Gimenez are sued in their official capacities and are "persons" liable for monetary damages pursuant to 42 U.S.C. § 1983. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

### STATEMENT OF FACTS

### "Immigration Detainer" Requests

10.     When a person is arrested and taken to a Miami-Dade County jail, department of corrections officials take their fingerprints. These fingerprints are sent to the Federal Bureau of Investigation and the Department of Homeland Security.

11.     The fingerprint background check reveals any outstanding judicial warrants, which appear on the booking officer's computer screen. A county correctional official transfers this information to the inmate's "jail card."

12.     The fingerprint background check may also trigger a detainer request from federal immigration authorities at ICE to hold a person beyond the point that the person's criminal custody has come to an end.

13. A detainer request is not a judicial warrant but a request issued by an ICE enforcement official.

14. An immigration detainer request is a boilerplate, checkbox form issued by a rank-and-file federal immigration officer for a civil immigration purpose.

15. Once Miami-Dade correctional officials are alerted of a detainer request made by ICE, they mark the detained person's jail card with the phrase "immigration hold" or "immigration detainer."

16. MDCR officers announce in open court when people have immigration holds on them.

17. From the moment that a person's jail card is marked to indicate an immigration detainer MDCR treats the detained person as if he or she is not eligible for release.

18. The practice of treating everyone with an immigration detainer as not eligible for release has immediate and dire effects.

19. People with immigration detainers cannot pay the standard bond amount to get out of the jail the same day that they are arrested.

20. Any inmate with an immigration detainer becomes ineligible for house arrest or a diversion program.

21. When detained persons or their family and friends ask about a detained person's eligibility for bond or try to post bond, MDCR officers announce that the detained person will not be released because of the detainer.

22. As a result of the immigration detainers, some bond companies will not post bond.

23. Detainers are a creature of Department of Homeland Security (DHS) agency regulation. *See* 8 C.F.R. § 287.7(b) (authorizing all "deportation officers" and "immigration enforcement agents," among others, to issue detainers). A detainer requests a local law enforcement agency (LEA) to arrest and detain an individual in the LEA's custody *after* the person is entitled to release for potential action by federal immigration authorities.

24. Under the immigration detainer, MDCR officials prolong the detention of the person *after* he or she is entitled to release for potential action by federal immigration authorities.

25. A detainer is not supported by a warrant or any other probable cause determination by a detached and neutral judicial officer. Nor is it supported by a sworn, particularized showing of probable cause that the subject is a noncitizen and removable under federal immigration law.

26. A detainer is a fill-in-the-blank form with check boxes for a generic list of potential sources of information that do not form the basis for a particularized probable cause determination that the detainer subject committed a civil immigration violation, including "biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law."

27. The form used by immigration authorities to lodge a detainer is called a "Department of Homeland Security (DHS) Request for Voluntary Transfer."

28. Detainer requests are not supported by probable cause in the form of a sworn statement of specific facts relating to the subject of the detainer.

29. The detainer request form contains no determination that there is a reason to believe that the subject individual is "likely to escape before a warrant can be obtained," as is required when federal authorities make a warrantless civil immigration arrest under federal law. 8 U.S.C. § 1357(a)(2).

### The 2013 County Resolution Limiting Miami-Dade's Participation in the Federal Government's Immigration Detainer Regime

30. ICE detainers are merely *requests* for detention – they do not purport to *require* localities like Miami-Dade to do anything. *See Galarza v. Szalczyk*, 745 F.3d 634, 645 (3d Cir. 2014) (detainer regulation "authoriz[es] only permissive requests" for detention); *Morales v. Chadbourne*, 996 F. Supp. 2d 19, 40 (D.R.I. 2014); *aff'd in part*, 793 F.3d 208 (1st Cir. 2015); *Miranda-Olivares v. v. Clackamas County*, 2014 WL 1414305, *4-8 (D. Or. Apr. 11, 2014).

31. In December 2013, Miami-Dade's Board of County Commissioners enacted a resolution which directed the Mayor to limit the County's authority to hold individuals pursuant to immigration detainer requests. *See* Miami-Dade Cty. Bd. of Comm'rs, Resolution 1008-13 (Dec. 3, 2013), *available at* http://www.miamidade.gov/govaction/legistarfiles/Matters/Y2013/132196.pdf. Under this policy:

> Miami-Dade Corrections and Rehabilitation Department may, in its discretion, honor detainer requests issued by United States Immigration and Customs Enforcement only if the federal government agrees in writing to reimburse Miami-Dade County for any and all costs relating to compliance with [ICE] detainer requests and the inmate that is the subject of such a request has a previous conviction for a Forcible Felony, as defined in Florida Statute section 776.08, or the inmate that is the subject of such request has, at the time the Miami-Dade Corrections and Rehabilitation Department receives the detainer request, a pending charge of a non-bondable offense, as provided by Article I, Section 14 of the Florida Constitution, regardless of whether bond is eventually granted.

*Id.* at 5. The policy thus imposed two conditions that must be satisfied before the County may detain an individual pursuant to an ICE detainer. As a threshold matter, the County would not participate in any immigration detention unless the federal government agreed to reimburse the County for all associated costs in writing. And if the federal government agreed to reimbursement, the County would detain only individuals who have been charged or convicted of certain enumerated offenses.

32.     The Resolution became effective on December 13, 2013 – ten days after its adoption. *Id.* at 6. *See* Miami-Dade Home Rule Charter § 2.02(D) (providing the Mayor a 10-day veto period over "any legislative [ . . . ] decision of the Commission"). Because the federal government declined to reimburse the County for any expenses associated with detainers, the MDCR – the department responsible for the County's jails – stopped holding individuals pursuant to ICE detainer requests in January 2014.

33.     The Board of County Commissioners ratified its position when, just over a year ago, it unanimously resolved to oppose statewide legislation that would preempt its anti-detainer policy. *See* Miami-Dade Cty. Bd. of Comm'rs, Resolution 77-16 (Jan. 20, 2016), *available at* http://www.miamidade.gov/govaction/legistarfiles/MinMatters/Y2015/153028min.pdf.     The resolution recognized that since the County Commission adopted the County's detainer policy in 2013, "the taxpayers of Miami-Dade County have saved hundreds of thousands of dollars in costs that are unreimbursed by the federal government associated with honoring immigration detainer requests." *Id.* at 4.

34.     The Board's 2013 resolution also recognized that federal courts across the United States "have found that local law enforcement agencies that detain individuals on the sole authority of a detainer request violate the Fourth Amendment of the U.S. Constitution, exposing

such agencies to legal liability unless there has been an independent finding of probable cause to justify detention." *Id.* The Board noted that "a judge is not required to review or approve an immigration detainer," and that a detainer "may be issued by a single Immigration[] and Customs Enforcement officer when there are no immigration proceedings pending." *Id.* at 6. This process, the Board recognized, "does not meet the U.S. Constitution's minimum standard for authorizing detention after an inmate is scheduled to be released." *Id.* The Board thus opposed "legislation that would preempt policies set by th[e] Board related to immigration detainer requests." *Id.* at 8.

35.    For more than three years, MDCR dutifully followed the detainer policy enacted by the Board of County Commissioners.

### Mayor Gimenez's 2017 Directive

36.    On January 26, 2017, the Mayor sent a memorandum to MDCR's Interim Director, Daniel Junior, directing Mr. Junior and his staff "to honor all immigration detainer requests[.]" *See* Exhibit A, Attached. The directive was not preceded by any public notice or opportunity for debate, nor did it make any mention of the Board of County Commissioners' resolution to limit MDCR's authority to hold people pursuant to detainer requests.

37.    On February 17, 2017, the Board of County Commissioners amended its 2013 Resolution (1008-13) to direct the Mayor "to ensure that, related to immigration detainer requests, Miami-Dade County ... is cooperating with the federal government to the extent permissible by law." Miami-Dade Cty. Bd. of Comm'rs, Resolution 163-17 (Feb. 17, 2017), http://www.miamidade.gov/govaction/matter.asp?matter=170440&file=false&yearFolder=Y201 7.

38.     MDCR is following Mayor Gimenez's directive and, since January 26, 2017, has maintained a practice of holding individuals in its custody beyond the time they would otherwise be released on the sole basis that the person is the subject of an immigration detainer request.

<u>**MDCR's Unlawful Arrest and Detention of Plaintiff**</u>

39.     Plaintiff Garland Creedle, who was born in Honduras, has been a U.S. citizen since the moment of his birth by virtue of his father's U.S. citizenship. He is 18 years old.

40.     Mr. Creedle came to the United States from Honduras in 2015.

41.     Immigration enforcement officials arrested him and put him in administrative removal proceedings before an immigration judge.

42.     On April 28, 2015, immigration officials with the Department of Homeland Security filed a motion with the immigration judge stating that the proceedings should be terminated on the grounds that Mr. Creedle is a U.S. citizen. *See* Exhibit B, Attached.

43.     In the motion, the Department stated that Mr. Creedle had submitted documentation showing that he had acquired citizenship through his father, Willie Edward Creedle, and that termination was warranted because Mr. Creedle is a U.S. citizen. *Id.*

44.     On April 30, 2015, an immigration judge granted the federal government's motion and terminated proceedings against Mr. Creedle. *See* Exhibit C, Attached.

45.     On the evening of March 12, 2017, Mr. Creedle was arrested after an alleged domestic dispute and taken to Miami-Dade County jail, where he was held on bond.

46.     Mr. Creedle was never charged in court with the offense for which the police arrested him. The State of Florida issued a "No Action" in his case.

47.     On the evening that police arrested Mr. Creedle, county correctional officials fingerprinted him.

48.     Early the next morning, on March 13, 2017, MDCR received an immigration detainer request from ICE Deportation Officer Alexander Martinez on a Request for Voluntary Transfer from from ICE naming Mr. Creedle as its subject. *See* Exhibit D, Attached.

49.     Mr. Creedle told county correctional officials that he is a U.S. citizen.

50.     Alexander Martinez is an immigration enforcement officer, not a neutral and detached adjudicator.

51.     The Request for Voluntary Transfer form contained the bare assertion by Alexander Martinez that Mr. Creedle was "a removable alien" under civil immigration law.

52.     The box checked on the form stated that this determination was based on a "biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in adition to other reliable information, that the subject either lacks immigration status or nothwithstanding such status is removable under U.S. immigration law." The form contained no additional information concerning this supposed "biometric confirmation" or "records check" of Mr. Creedle.

53.     The form requested MDCR to detain Mr. Creedle an additional 48 hours, excluding holidays and weekends, beyond the time he would otherwise be entitled to release.

54.     The detainer did not allege probable cause to believe that Mr. Creedle had committed any crime. Nor did the detainer form state facts amounting to an individualized determination that there was probable cause to believe that Mr. Creedle was removable from the United States, or that there was reason to believe that Mr. Creedle posed a risk of flight. The detainer listing Mr. Creedle as a subject was not supported by a warrant or any other probable cause determination by a detached and neutral judicial officer. Nor did it include any individualized assessment of Mr. Creedle's risk of flight.

55. On March 13, 2017, during normal business hours, Mr. Creedle sought to be released from MDCR and posted bond. *See* Exhibit E, Attached.

56. Mr. Creedle was entitled to be released immediately upon posting of the bond.

57. Rather than release Mr. Creedle after the bond was posted, MDCR maintained custody over him for transfer to ICE.

58. Mr. Creedle spent the night of March 13, 2017 in jail in the custody of MDCR.

59. Based on nothing more than the purported authority of the immigration detainer, MDCR detained Mr. Creedle beyond the time he was entitled to release solely because ICE issued a detainer request.

60. On March 14, 2017, ICE officials interviewed Mr. Creedle in jail and withdrew the detainer request.

61. After ICE withdrew the detainer request, Mr. Creedle was released on bond.

## CAUSES OF ACTION

### COUNT I
### Fourth Amendment Violation
### (42 U.S.C. § 1983)
### Damages and Declaratory Judgment

62. Plaintiff incorporates paragraphs 1 to 61 as if fully stated herein.

63. Defendants detained Mr. Creedle by continuing to hold him after the legal grounds for his custody expired, solely because Defendants had received an immigration detainer requesting his continued detention.

64. Defendants detained Mr. Creedle pursuant to an official directive issued by Defendant Mayor Gimenez on January 26, 2017, which requires MDCR to "honor all immigration detainer requests." Ever since Mayor Gimenez issued his order, MDCR has engaged in a practice of detaining all individuals subject to an immigration detainer beyond the time they

would otherwise be entitled to release. Mr. Creedle's detention was therefore made under color of law.

65.     As a consequence of Defendants' actions, Mr. Creedle suffered violations of the Fourth Amendment to the U.S. Constitution, which prohibits "unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Pursuant to the incorporation doctrine, the due process clause of the Fourteenth Amendment makes the Fourth Amendment applicable to local governments. *See, e.g., Mapp v. Ohio*, 367 U.S. 643 (1961) (freedom from unreasonable search and seizure); *Aguilar v. Texas*, 378 U.S. 108 (1964) (warrant requirement).

66.     As a proximate and reasonably foreseeable result of Defendants' actions, Mr. Creedle suffered injuries, including financial, pain and suffering, humiliation, and emotional harm.

## COUNT II
### Violation of Fourteenth Amendment
### (42 U.S.C. § 1983)
### Damages and Declaratory Relief

67.     Plaintiff incorporates paragraphs 1 to 61 as if fully stated herein.

68.     Defendants falsely imprisoned Mr. Creedle by violating the due process clause of the Fourteenth Amendment to the U.S. Constitution and committing the common law tort of false imprisonment. *See Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009).

69.     Pursuant to its policy of honoring ICE detainers, Defendants held Mr. Creedle after he was no longer in lawful custody on state criminal charges. The Fourteenth Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Id.* at 840 (citing *Cannon v. Macon*

*County*, 1 F.3d 1558, 1563 (11th Cir.1993), *modified on other grounds*, 15 F.3d 1022 (1994)). Defendants intended to confine Mr. Creedle and detained him with deliberate indifference to his false imprisonment. Defendants were aware of a risk of serious harm and disregarded that risk by actions beyond mere negligence. Mr. Creedle was aware of his confinement. As alleged in Count III and incorporated herein, Defendants were not empowered under Florida law or any other authority to detain Mr. Creedle based on a civil immigration violation.

70. As a proximate and reasonably foreseeable result of Defendants' actions, Plaintiff suffered injuries, including pain and suffering, humiliation, and emotional harm.

## COUNT III
### Florida Unlawful Imprisonment
### Damages and Declaratory Relief

71. Plaintiff incorporates paragraphs 1 to 61 as if fully stated herein.

72. Defendants detained Mr. Creedle without any authority, in violation of Florida law, thereby unlawfully imprisoning him. Defendants lacked a warrant to detain him and had no authority to make a warrantless arrest. *See* § 901.15, Fla. Stat.

73. Defendants unlawfully detained Mr. Creedle against his will and without legal authority or "color of authority," which was unreasonable and unwarranted under the circumstances. *See Mathis v. Coats*, 24 So.3d 1284 (Fla. 2d DCA 2010); *City of Hialeah v. Rehm*, 455 So.2d 458 (Fla. 3d DCA 1984).

74. MDCR employees are not law enforcement officers authorized to arrest without a warrant. *See Pierre v. City of Miramar, Florida, Inc.*, 537 Fed. Appx. 821, 824-25 (11th Cir. 2013) (holding that a county correctional officer is not a "law enforcement officer" for purposes of section 901.15(1)).

75.     Mr. Creedle's detention was made pursuant to the order issued by Defendant Mayor Gimenez on January 26, 2017, which required MDCR to "honor all immigration detainer requests."

76.     Since Mayor Gimenez issued his order, MDCR has detained individuals subject to an immigration detainer beyond the time they would otherwise be entitled to release.

77.     As a proximate and reasonably foreseeable result of Defendants' actions, Mr. Creedle suffered injuries, including financial, pain and suffering, humiliation, and emotional harm.

78.     Pursuant to Fla. Stat. § 768.28(6), Mr. Creedle has provided the requisite administrative notice of his unlawful imprisonment claim.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and:

a.     Declare Mayor Gimenez's January 26, 2017 directive on immigration detainers invalid;

b.     Declare that Defendants' detention of Mr. Creedle pursuant to ICE's immigration detainer violated his Fourth Amendment right to be free from unreasonable seizure, violated his substantive due process right under the Fourteenth Amendment to be free from false imprisonment, and constituted unlawful imprisonment under Florida law;

c.     Award Mr. Creedle compensatory damages;

d.     Award Mr. Creedle reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

e.     Grant any other equitable relief this Court may deem just and proper.

Respectfully submitted,

By: /s/ Rebecca Sharpless

REBECCA SHARPLESS
Florida Bar No. 0131024
IMMIGRATION CLINIC
UNIVERSITY OF MIAMI SCHOOL OF LAW
1311 Miller Drive Suite E-273
Coral Gables, Florida 33146
Tel: (305) 284-3576, direct
Tel: (305) 284-6092, clinic
rsharpless@law.miami.edu

IRA J. KURZBAN
Florida Bar No. 225517
EDWARD F. RAMOS
Florida Bar No. 98747
IAN K. SHAW
Florida Bar No. 115167
KURZBAN KURZBAN WEINGER
TETZELI & PRATT, P.A.
2650 SW 27th Avenue
Second Floor
Miami, FL 33133
Tel: 305-444-0060
Fax: 305-444-3503

AMIEN KACOU
Florida Bar No. 44302
ACLU FOUNDATION OF FLORIDA, INC.
4023 N. Armenia Avenue, Suite 450
Tampa, FL 33607
Tel: (813) 288-8390
akacou@aclufl.org

NANCY ABUDU
Fla. Bar No. 111881
ACLU FOUNDATION OF FLORIDA, INC.
4343 W. Flagler St., Suite 400
Miami, FL 33134
Tel: 786-363-2700
Fax: 786-363-1448
nabudu@aclufl.org

15

*Attorneys for Plaintiff*

# EXHIBIT A

# Memorandum

**Date:**       January 26, 2017

**To:**         Daniel Junior, Interim Director
                Corrections and Rehabilitation Department

**From:**       Carlos A. Gimenez
                Mayor

**Subject:**    Executive Order: Enhancing Public Safety in the Interior of the United States

---

Yesterday, January 25, 2017, President Donald J. Trump issued Executive Order: Enhancing Public Safety in the Interior of the United States.

In light of the provisions of the Executive Order, I direct you and your staff to honor all immigration detainer requests received from the Department of Homeland Security.

Miami-Dade County complies with federal law and intends to fully cooperate with the federal government. I will partner with the Board of County Commissioners to address any issues necessary to achieve this end.


c: Honorable Chairman Esteban L. Bovo, Jr.
     and Members, Board of County Commissioners
   Honorable Harvey Ruvin, Clerk of the Court
   Abigail Price-Williams, County Attorney
   Geri Bonzon-Keenan, First Assistant County Attorney
   Office of the Mayor Senior Staff
   Christopher Agrippa, Clerk of the Board

# EXHIBIT B

Wen-Ting Cheng
Chief Counsel
Susan Marie Beschta
Acting Deputy Chief Counsel
Ramin Rastegar
Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Office of the Chief Counsel
26 Federal Plaza, Room 1130
New York, New York 10278

DETAINED JUVENILE

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NEW YORK

|  |  |
|---|---|
| In the Matter of: | ) |
| | ) |
| Garland Edward CREEDLE-QUINENZ | ) File No.: A202-131-063 |
| | ) |
| In Removal Proceedings | ) |

Immigration Judge:   N/A

Next Hearing:  N/A

U.S. DEPARTMENT OF HOMELAND SECURITY'S
MOTION TO TERMINATE PROCEEDINGS

The United States Department of Homeland Security, Immigration and Customs Enforcement ("DHS"), by and through counsel, respectfully requests that removal proceedings be terminated.

The respondent, a juvenile currently detained at Children's Village in New York, has submitted documentation, through counsel, establishing that he has acquired U.S. citizenship from his father, Willie Edward Creedle, pursuant to INA Sections 301(g) and 309(a). Accordingly, DHS respectfully moves to terminate the instant proceedings.

Respectfully submitted,

Ramin Rastegar
Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
26 Federal Plaza, Room 1130
New York, NY 10278

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**NEW YORK, NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In the Matter of: | ) | |
| | ) | |
| Garland Edward CREEDLE-QUINENZ | ) | File No.: A202-131-063 |
| | ) | |
| In Removal Proceedings | ) | |
| | ) | |

**ORDER OF THE IMMIGRATION JUDGE**

Upon consideration of the U.S. DEPARTMENT OF HOMELAND SECURITY'S MOTION
TO TERMINATE PROCEEDINGS, it is HEREBY ORDERED that the motion be: _____
granted, _____ denied because:

_____ DHS does not oppose the motion.

_____ The respondent does not oppose the motion.

_____ A response to the motion has not been filed with the Court.

_____ Good cause has been established for the motion.

_____ The Court agrees with the reasons stated in the opposition to the motion.

_____ The motion is untimely per _____.

_____ Other: _____

Deadlines:

_____ The application(s) for relief must be filed by _____.
_____ The respondent must comply with the
DHS biometrics instructions by _____.


_____          _____
Date                                     Immigration Judge


**Certificate of Service**

The document was served by:  [  ] Mail,  [  ] Personal Service

To:  [  ] Alien, [  ] Alien c/o Custodial Officer, [  ] Alien's Attny/Rep, [  ] DHS

Date: _____          By: Court Staff: _____

## CERTIFICATE of SERVICE

Alien Name:        Garland Edward CREEDLE-QUINONEZ

Alien Number:      202-131-063


I, Ramin Rastegar, hereby certify that I have served a complete copy of this Department of Homeland Security's Motion to Terminate on the respondent's representative by depositing the same in the United States Mail, First Class postage prepaid, on this 28th of April 2015, to the following address:

Lorilei A. Williams, Esq.
Staff Attorney
Unaccompanied Minors Program
Catholic Charities Community Services
80 Maiden Lane, 13th Floor
New York, NY 10038

Ramin Rastegar
Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Office of the Chief Counsel
26 Federal Plaza, Room 1130
New York, New York 10278
(212) 264-5916

# EXHIBIT C



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT

ProBar Children's Project
Gentry, Michelle Maureen
119 W. Van Buren
Ste. 204
Harlingen, TX  78550

IN THE MATTER OF              FILE A 202-131-063        DATE: Apr 30, 2015
CREEDLE-QUINONEZ, GARLAND EDWARD

__ UNABLE TO FORWARD - NO ADDRESS PROVIDED

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
MUST BE MAILED TO:     BOARD OF IMMIGRATION APPEALS
                       OFFICE OF THE CLERK
                       5107 Leesburg Pike, Suite 2000
                       FALLS CHURCH, VA  20530

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                         IMMIGRATION COURT

X OTHER: **DECISION OF THE IMMIGRATION JUDGE.**

                              MARIA LLERENA
                              COURT CLERK
                              IMMIGRATION COURT                    FF

       CC: ASSISTANT CHIEF COUNSEL
           26 FEDERAL PLAZA, 11TH FL
           NEW YORK, NY  10278

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NEW YORK

In the Matter of:                              )
                                               )
                                               )
Garland Edward CREEDLE-QUINENZ                 )          File No.: A202-131-063
                                               )
In Removal Proceedings                         )
                                               )

ORDER OF THE IMMIGRATION JUDGE

Upon consideration of the U.S. DEPARTMENT OF HOMELAND SECURITY'S MOTION
TO TERMINATE PROCEEDINGS, it is HEREBY ORDERED that the motion be: ___
granted, ___ denied because:

___  DHS does not oppose the motion.

___  The respondent does not oppose the motion.

___  A response to the motion has not been filed with the Court.

✓  Good cause has been established for the motion.

___  The Court agrees with the reasons stated in the opposition to the motion.

___  The motion is untimely per _____.

___  Other: _____

Deadlines:

___  The application(s) for relief must be filed by _____.
___  The respondent must comply with the
     DHS biometrics instructions by _____.

___4/30/15___                          _____
Date                                   Immigration Judge

Certificate of Service
The document was served by: [ ✓ ] Mail, [  ] Personal Service
To: [  ] Alien, [  ] Alien c/o Custodial Officer, [ ✓ ] Alien's Atty/Rep, [ ✓ ] DHS
Date: ___4/30/15___                    By: Court Staff: _____

# EXHIBIT D

**DEPARTMENT OF HOMELAND SECURITY (DHS)**
## REQUEST FOR VOLUNTARY TRANSFER

| Subject ID: 358274649 | Jail # | File No: 202 131 063 |
|---|---|---|
| Event #: BDC1703000474 | 170131250 | Date: March 13, 2017 |

TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) DADE COUNTY CORRECTIONAL 1321 NW 13 STREET MIAMI, FL 33034

FROM: (DHS Office Address)
SRO - Bradenton, FL Sub Office
U.S. IMMIGRATION & CUSTOMS ENFORCEMENT
ERO - KROME SPC - MIAMI, FLORIDA
11201 SW 12TH STREET
MIAMI, FL 33194

Name of Subject: CREEDLE-QUINONEZ, GARLAND EDWARD

Date of Birth: 01/06/1999    Suspected or Known Citizenship: HONDURAS    Sex: M

### A. DHS REQUESTS VOLUNTARY TRANSFER OF THE SUBJECT BECAUSE (complete box 1 or 2 below):

X 1. DHS suspects that the subject is an **immigration enforcement priority** because (mark at least one):

- (s)he was apprehended at the border or ports of entry while attempting to unlawfully enter the United States;
- (s)he was apprehended in the United States after unlawfully entering or re-entering the United States after January 1, 2014;
- (s)he has significantly abused the visa or visa waiver programs;
- (s)he was issued a final order of removal after January 1, 2014; and/or
- X in the judgment of a designated senior DHS official, his/her removal would serve an important federal interest.

2. DHS transferred the subject to your custody for a proceeding or investigation and, upon completion of that proceeding or investigation, DHS intends to resume custody of the subject to complete processing.

### B. DHS REQUESTS YOUR COOPERATION AS FOLLOWS (complete box 1 or 2 below):

1. **NOTIFICATION.** Please notify DHS as early as practicable (at least 48 hours, if possible) before the subject is released from your custody to allow DHS an opportunity to determine whether there is probable cause to conclude that (s)he is a removable alien.

NOTE: This voluntary notification request **does not** request or authorize that you detain the subject beyond the time he or she is currently scheduled for release from your custody.

X 2. **DETAINER.** Please serve a copy of this form on the subject and maintain custody of him/her for a period **NOT TO EXCEED 48 HOURS** beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. Probable cause exists that the subject is a removable alien. This determination is based on (check at least one box below):

- a final **order of removal** against the subject;
- the pendency of **ongoing removal proceedings** against the subject;
- X **biometric confirmation** of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or
- **statements** made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

NOTE: This request takes effect only if you serve a copy of this form on the subject, and it does not request or authorize that you hold the subject beyond 48 hours.

**IMPORTANT NOTICES:**

- This request arises from DHS authorities and should not impact decisions about the subject's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters.
- As early as possible prior to the time you otherwise would release the subject, please notify DHS by calling ☒ U.S. Immigration and Customs Enforcement (ICE) or ☐ U.S. Customs and Border Protection (CBP) at 305-207-5126
  If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at: (802) 872-6020.
- Please notify this office in the event of the subject's death, hospitalization, or transfer to another institution.

☐ If checked: Please cancel the detainer related to this subject previously submitted to you on _____ (date).

ALEXANDER MARTINEZ - Deportation Officer

(Name and title of Immigration Officer)

# 3974

(Signature of Immigration Officer)

Notice: If the subject is taken into DHS custody, he or she may be removed from the United States. If the subject may be the victim of a crime or you want the subject to remain in the United States for a law enforcement purpose, please notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

Please provide the information below, sign, and return to DHS by mailing, emailing, or faxing a copy to _____.

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE SUBJECT OF THIS NOTICE:**

Local Booking/Inmate #: _____ Est. release date/time: _____ Date of latest criminal charge/conviction: _____

Arresting agency, if available, and latest offense charged/convicted: _____

If Box B.2. is checked above, please indicate the manner in which this Form I-247X was served upon the subject:

☐ in person  ☐ by inmate mail delivery  ☐ other _____  (please specify) date: _____

Sgt Sanders Williams

(Name and title of Officer)

(Signature of Officer)

DHS Form I-247X (08/15)

Page 1 of 3

# EXHIBIT E



**ROCHE SURETY &**
**CASUALTY COMPANY, INC.**
4107 N. Himes Avenue · 2nd Floor · Tampa, FL 33607
(813) 623-5042 · (800) 769-3899 · Fax (813) 623-5939

**RECEIPT AND STATEMENT OF CHARGES**

CONTROL NO. AB17-113452

**RECEIVED FROM:**

Name: Marlon Francisco Quinonez Aguirre

Defendant's Name: Garland Edward Creedle

Power Number: AB17-113452

Expenses (Itemized in detail, such as Guard Fees, Recording Fees, Notary Fees, Long Distance Calls, Telegrams, Travel and other actual, unusual expenses)

Name and Address of Bail Agency:

305 Bail Bonds
1421 Northwest North River Drive
Miami, Florida 33125
Website: www.305bailbonds.com
(305) 494-9000
Agent: Ben Velunza

| | |
|---|---|
| DATE | March 13, 2017 |
| BAIL BOND PREMIUM | $750.00 |
| MISC. CHARGES | $0.00 |
| TOTAL CHARGES | $750.00 |
| RECEIVED ON ACCOUNT | $750.00 |
| BALANCE | $0.00 |

*PREMIUM IS NON-REFUNDABLE.

Received By _____
Signature

Original: Client Copy    Yellow: Agent Copy    Pink: File Copy

# Exhibit G

Office of the Principal Legal Advisor
**U.S. Department of Homeland Security**
24000 Avila Road, Rm. 6080
Laguna Niguel, CA 92677



## U.S. Immigration and Customs Enforcement

November 14, 2018

Rebecca Sharpless
University of Miami School of Law
Immigration Clinic
1311 Miller Drive, Suite E-257
Coral Gables, FL 33146

Re: Administrative Tort Claim Filed by Garland Creedle

Dear Ms. Sharpless:

Our office is in receipt of the above-referenced administrative tort claim you filed on behalf of your client, Garland Creedle. The claim sought $500,000 in damages.

The Federal Tort Claims Act (28 U.S.C. § 2671 <u>et seq.</u>) grants to each federal agency the authority to consider and settle administratively claims for property, personal injury, or wrongful death damages caused by the allegedly negligent or wrongful act or omission of an employee of the federal government while acting within the scope of their employment.

We have given full consideration to all the facts and circumstances relating to the claim. It is our determination to deny the claim.

If your client wishes to file suit against the United States, he must do so in the appropriate United States District Court no later than six months after the date of mailing of this letter. <u>See</u> 28 U.S.C. § 2401(b).

Sincerely,

Christopher A. Miller
Associate Legal Advisor

CERTIFIED MAIL # 7011 2970 0003 2719 9561
RETURN RECEIPT REQUESTED