**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISON**

GARLAND CREEDLE,

     Plaintiff,

v.                                    Case No.: 1:17-cv-22477-KMW

MIAMI-DADE COUNTY, Florida;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; UNITED        **JURY TRIAL DEMANDED**
STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT;
and the UNITED STATES OF AMERICA,

     Defendants.

_____/

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME PLAINTIFF'S**
**RESPONSE TO THE COUNTY'S MOTION TO DISMISS**

Plaintiff Garland Creedle, by and through undersigned counsel, respectfully responds to

the Court's Order to Show Cause "as to why Defendant's motion to dismiss should not be granted

by default for failure to respond," D.E. 125, and moves the Court for leave to file his Response to

Defendant Miami-Dade County's ("the County") Motion to Dismiss out of time and, in support

of which, states as follows:

1.      On November 9, 2018, the Court issued its Order on Defendants' Motions to

Dismiss, which, *inter alia*, granted in part and denied in part the County's Motion to Dismiss the

First Amended Complaint. *See* D.E. 105.

2.      On December 10, 2018, Plaintiff filed the Second Amended Complaint, which

added a cause of action under the Federal Torts Claim Act and added the United States as a

Defendant. *See* D.E. 116. Aside from eliminating the causes of action dismissed by the Court, the Second Amended Complaint did not alter the claims against the County. *See id.* at 12–14.

3. On December 24, 2018, the County filed its Motion to Dismiss the Second Amended Complaint. *See* D.E. 119. Accordingly, Plaintiff's Response to the County's Motion to Dismiss was due on January 7, 2019.

4. Undersigned counsel was on vacation and out of town on December 24, 2018, Christmas Eve. She inadvertently failed to calendar the January 7, 2019 deadline for filing a response.

5. Undersigned counsel sincerely apologizes for the mistake.

6. Notwithstanding this mistake, Plaintiff has been moving this case forward with discovery requests and is working towards all the deadlines set by the Court and agreed upon by the parties.

7. Since receiving notification of the Court's January 11, 2019 Order and in an attempt to rectify the mistake as quickly as possible, undersigned counsel has been diligently working on Plaintiff's Response to the County's Motion to Dismiss, which is attached as Exhibit A.

8. Plaintiff requests leave to file his Response to the County's Motion to Dismiss out of time.

9. The Court may, for good cause, extend the time for filing after the time to file has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

10. The Supreme Court has established that "determining what sorts of neglect will be considered excusable . . . is at bottom an equitable [determination], taking account of all relevant circumstances surrounding" the missed deadline. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*

*Ltd. P'ship*, 507 U.S. 380, 397 (1993). To make this determination, the Supreme Court "established a four-factor test for determining whether a party's neglect of a deadline is excusable." *Yang v. Bullock Fin. Grp., Inc.*, 435 F. App'x 842, 843 (11th Cir. 2011) (citing *Pioneer*, 507 U.S. at 395.

11.     The Court must consider the following factors: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for delay; and (4) whether the moving party acted in good faith. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998–99 (11th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 395).

12.     The Eleventh Circuit has established that "mistakes of fact," in which the missed deadline is due to a miscommunication or "was simply an innocent oversight by counsel," **do** meet the standard for "excusable neglect." *Id.* (quoting *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849–50 (11th Cir. 1996)).

13.     Additionally, "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *McKelvey v. at T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (finding that counsel's failure to substitute himself as the counsel of record, which caused him not to receive notice of the court's order to show cause, was simple negligence and that dismissal with prejudice was too harsh for such conduct).

14.     Plaintiff notes the relatively small nature of the delay and does not believe granting Plaintiff the requested leave will negatively impact the judicial proceedings, especially given that the federal defendants in this case have until February 26, 2019 to answer the second amended complaint.

15.     Undersigned counsel is well aware of, and fully understands, the procedural Rules,

as demonstrated by Plaintiff's counsel's past conduct in meeting all other deadlines set by the Court and agreed to by the Parties. If not for the innocent oversight of undersigned counsel, Plaintiff's Response to the County's Motion to Dismiss would have been timely filed.

16. Plaintiff does not seek this leave out of bad faith or for the purposes of willfully delaying the case.

17. Undersigned Counsel and Counsel for the County have been communicating in good faith regarding deadlines throughout these proceedings, demonstrating Plaintiff's good faith in moving this case forward and that Plaintiff is not seeking leave to file out of time for the purpose of causing undue delay or prejudice to the County.

18. As a showing of good faith, Plaintiff's counsel has notified the County's counsel that Plaintiff is seeking leave to file out of time.

19. The County has communicated to undersigned counsel that it is not taking any position on the matter.

20. A proposed Order granting Plaintiff leave to file his Response to the County's Motion to Dismiss out of time is attached.

WHEREFORE, Plaintiff Garland Creedle respectfully moves the Court to grant Plaintiff's above-purposed request for leave to file Plaintiff's Response to the County's Motion to Dismiss out of time, and extend the deadline to midnight on January 17, 2019.

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 14, 2019, I electronically served a true and correct copy of the foregoing on counsel for Defendant via transmission of a Notice of Electronic Filing generated by the CM/ECF system of the U.S. District Court of the Southern District of Florida. Respectfully submitted,

By: /s/ Rebecca Sharpless
REBECCA SHARPLESS
Florida Bar No. 0131024
ROMY LERNER
Florida Bar No. 0116713
IMMIGRATION CLINIC
UNIVERSITY OF MIAMI SCHOOL OF LAW
1311 Miller Drive Suite E-273
Coral Gables, Florida 33146
Tel: (305) 284-3576, direct
Tel: (305) 284-6092, clinic
rsharpless@law.miami.edu

IRA J. KURZBAN
Florida Bar No. 225517
EDWARD F. RAMOS
Florida Bar No. 98747
IAN K. SHAW
Florida Bar No. 115167
KURZBAN KURZBAN
TETZELI & PRATT, P.A.
2650 SW 27th Avenue
Second Floor
Miami, FL 33133
Tel: 305-444-0060
Fax: 305-444-3503

AMIEN KACOU
Florida Bar No. 44302
ACLU FOUNDATION OF FLORIDA, INC.
4023 N. Armenia Avenue, Suite 450
Tampa, FL 33607
Tel: (813) 288-8390

NANCY ABUDU
Fla. Bar No. 111881
ACLU FOUNDATION OF FLORIDA, INC.
4343 W. Flagler St., Suite 400
Miami, FL 33134
Tel: 786-363-2700
Fax: 786-363-1448

*Attorneys for Plaintiff*