UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-22477-CIV-WILLIAMS

GARLAND CREEDLE,

        Plaintiff,

vs.

MIAMI-DADE COUNTY, Florida;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY;
UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT; and
UNITED STATES OF AMERICA,

        Defendants.

_____/

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Department of Homeland Security (DHS) and Immigration and Customs

Enforcement (ICE) (collectively, Federal Agency Defendants), respectfully file this Notice of

Supplemental Authority to notify the Court of a recent decision from the Seventh Circuit in a case

that is factually similar to this one. *See Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, No. 18-1050, 2019

WL 2052439 (7th Cir. May 9, 2019).

This decision is notable for three reasons. First, this Court relied on the district court's

opinion in this Court's ruling on the previous motions to dismiss in this case. *See generally* ECF no.

105. That decision has now been reversed and remanded. *See Lopez-Aguilar,* No. 18-1050, 2019 WL

2052439.

Second, the case holds that Ind. Code Ann. § 5-2-18.2-4, which provides that "[a]

governmental body or a postsecondary educational institution may not limit or restrict the

1

enforcement of federal immigration laws to less than the full extent permitted by federal law" is not preempted. *See Lopez-Aguilar,* No. 18-1050, 2019 WL 2052439 at n.29 (comparing the Indiana law at issue with the law the Supreme Court invalidated in *Arizona*, and holding that "Indiana law does not contemplate the kind of unilateral action by state officers that the *Arizona* Court determined violated federal law."). This is relevant to Plaintiff's claim that ICE cannot issue a detainer to a locality without a § 287(g) agreement, because it demonstrates that state or local laws or policies that require cooperation are not preempted absent a § 287(g) agreement.

Third, and most importantly here, the case held that the plaintiff lacked standing to obtain the equitable relief—a consent judgment prohibiting the Marion Coutny Sheriff's Office from honoring detainers—that was awarded in the case. That is because he "simply fails to demonstrate a 'likelihood of substantial and immediate irreparable injury,' a prerequisite for equitable relief." *Id.* at 12. The Seventh Circuit analyzed the facts of the case, noting that "Mr. Lopez-Aguilar's complaint identified as the source of his injury a single, isolated incident, on September 18, 2014, when a Marion County officer, at the request of an ICE officer, arrested and held him without probable cause. He did not allege any subsequent contact with the Sheriff's Department or the individual defendants, let alone any subsequent detentions in Marion County." Thus, the Court held "the odds that Mr. Lopez-Aguilar will return to Marion County, again commit a traffic violation or other infraction resulting in an encounter with the Sheriff's Department, and again be detained at ICE's request are not sufficient to make out a federal case for equitable relief." *Id.* (internal quotations omitted).

Similarly, here the only injury Plaintiff has identified is one past incident of being detained in response to an immigration detainer, and fails to allege any likelihood that he will ever again be subject to an ICE detainer. As discussed in Federal Agency Defendants' Motion to Dismiss

Plaintiff's Second Amended Complaint, Plaintiff has been released from criminal and immigration custody, and ICE has updated its records to reflect that Plaintiff is a citizen. *See* ECF no. 134. Indeed, Plaintiff has been re-arrested by Miami-Dade County and no detainer was issued or complied with. *Id.* So the "odds" that Plaintiff will commit another crime resulting in being detained at the Miami-Dade County Jail, and again be detained at ICE's request, "are not sufficient to make out a federal case for equitable relief." *See Lopez-Aguilar,* No. 18-1050, 2019 WL 2052439 at 12.

Dated:  May 29, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

EREZ REUVENI
Assistant Director

*/s/ Lauren C. Bingham*
LAUREN C. BINGHAM, Fl. Bar #105745
Trial Attorney, District Court Section
Office of Immigration Litigation
Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 616-4458; (202) 305-7000 (fax)
lauren.c.bingham@usdoj.gov

Attorneys for Federal Agency Defendants